# Ex Parte Huffman.

[No. 22,610.   Filed March 9, 1914.]

1. Criminal Law.—*Admission to Bail Pending Appeal.*—*Statutes.*
—The act of March 4, 1911 (Acts 1911 p. 410), contemplates admission to bail only where an appeal is pending to the Supreme Court, and confers no authority for admitting one to bail where it appears that the filing of a motion for a new trial has not been waived, and that such motion has not been filed and a determination thereof had.   p. 242.

2. Criminal Law.—*Admission to Bail Pending Appeal.*—*Premature Petition.*—A petition to be admitted to bail pending appeal pursuant to the act of March 4, 1911 (Acts 1911 p. 410), is premature and the court cannot grant its prayer, where no transcript for appeal has been filed and no notice of appeal has been given, and it appears that the petitioner contemplates filing a motion for new trial.   p. 243.

3. Criminal Law.—*Commitment After Conviction.*—*Motion for New Trial.*—While §2192 Burns 1908, Acts 1905 p. 584, §307, provides that the sheriff must within five days after judgment of conviction, convey the convict to prison, and although judgment may be pronounced before the determination of a motion for a new trial, the accused is by statute granted thirty days within which to file such motion, and, under Bill of Rights §13, is guaranteed the right to be heard by himself, so that a court would not be warranted in ordering a convict conveyed to the State prison pending the determination of his motion for a new trial.   p. 243.

4. Criminal Law.—*Petition for Admission to Bail.*—*Dismissal.*—The Supreme Court has no power aside from that given by the act of March 4, 1911 (Acts 1911 p. 410), to order convicted defendants to bail, hence a dismissal of the petition is required, where petitioner fails to bring himself within the provisions of that act.   p. 244.

Petition in the Supreme Court by William Huffman to be admitted to bail.   *Petition dismissed.*

*Kelley & Leveque* and *Hamill, Hickey & Evans,* for petitioner.

Per Curiam.—The petitioner, William Huffman, alleges that he was tried by jury in the Vigo Circuit Court and found guilty of a felony, on March 4, 1914, and, on the

following day was sentenced to the State prison; that he has notified the circuit court that he will file a motion for a new trial, in the time prescribed by law (§2158 Burns 1908, Acts 1905 p. 584, §282) ; that on March 7, 1914, he served written notice on the prosecuting attorney of Vigo County, and the clerk of said court, that he will file a motion for a new trial in the cause, and promptly prosecute the same, and if such motion be overruled, that he will appeal the cause to this court, and perfect the same, as prescribed by law. He prays this court for an order admitting him to bail "during the pendency of his motion for a new trial," and, in case it be overruled, that such bail be continued pending his appeal to this court.

Relief is here sought under the provisions of an act entitled "* * * providing for * * * bail on appeal in certain criminal cases, * * *," adopted March 4, 1911, §3 of which was amended in 1913. Acts 1911 p. 410; Acts 1913 p. 647. Section 1, of the act of 1911, provides that where one, convicted of a certain offense, " has appealed such cause or desires to appeal the same and has given notice thereof as required by law, such person shall be admitted to bail pending such appeal upon compliance with the provisions of this act; * * *." Section 2, of said act, provides that when sentence has been pronounced, and judgment entered, "and an appeal has been taken or prayed for, and notice of such appeal has been given as required by law" the defendant may file either in this court, or the lower court, his petition for admission to bail "pending such appeal." It is manifest from a consideration

1. of the title and body of the act of 1911, that the legislature had in contemplation only admission to bail pending an appeal to this court, and consequently, on the facts here stated, this court has no authority to order the petitioner's admission to bail pending the filing and determination of his contemplated motion for a new trial. The petitioner however further asks admission to bail pend-

ing his contemplated appeal, in case his proposed motion for a new trial shall be overruled. It is evident that such prayer for relief is premature. The court has not passed on any motion for a new trial, nor has such motion been filed. The filing of such motion has not been waived. On the other hand, the petition shows that it will be filed. An appeal may be taken by a defendant, by the service of notice, after rendition of judgment, on the prosecuting attorney. §2217 Burns 1908, Acts 1905 p. 584, §330. Judgment must be pronounced, after a verdict of guilty, "if a new trial be not granted, or the judgment be not arrested." §2166 Burns 1908, Acts 1905 p. 584, §290.

No transcript for appeal has been filed in this court, and no notice of appeal has been given as contemplated by §2217 Burns, *supra,* and consequently this court is without power to grant the relief prayed. Had petitioner waived his right to file a motion for a new trial, and given the statutory notice after the rendition of judgment, a different question would be presented. It is evident that this act of 1911 only contemplates admission to bail on petition filed after the trial court has made a final disposition of the cause, including the ruling on the motion for a new trial, unless the filing of such motion be waived.

Section 2192 Burns 1908, Acts 1905 p. 584, §307, reads as follows: "The sheriff must, within five days, unless otherwise ordered by the court, convey the convict to such prison or reformatory, and deliver him to the keeper thereof, with a copy of the judgment, and take from the keeper a receipt for the convict." Counsel for petitioner suggest that if no relief be granted on this petition, the sheriff of Vigo County will, within five days after the rendition of the judgment, convey the petitioner to the State prison and deprive him of being present in the Vigo Circuit Court on the filing and presentation of his motion for a new trial. This assumption is unwarranted. It must

be presumed that the trial court will do its duty. While judgment may be pronounced before the determination of a motion for a new trial (*Calvert* v. *State* [1883], 91 Ind. 473), the law does not contemplate that one convicted and sentenced shall be committed to the State prison until after his motion for a new trial shall have been determined, unless the filing of such motion has been waived. The statute grants a convicted defendant thirty days within which to file his motion for a new trial. This motion may be filed and presented by the defendant in person. Section 13, of our Bill of Rights (Constitution, Art. 1, §13), guarantees the accused the right "to be heard by himself", and this right continues until the disposition of a motion for a new trial, where such a proceeding is provided for. The trial court would not be warranted in ordering the sheriff to take the petitioner to the State prison, pending the determination of his motion for a new trial.

4. This court has no power, aside from that given by the act of 1911, to order convicted defendants admitted to bail, and the petitioner has not brought himself within the provisions of that act. Petition dismissed.

NOTE.—Reported in 104 N. E. 511. See, also, under (1) 5 Cyc. 73; (2) 5 Cyc. 86; (3) 12 Cyc. 753; (4) 5 Cyc. 72.