## EX PARTE PETTIFORD.

[Filed June 24, 1929. This case should have been published in Volume 89 Indiana Appellate Reports under above date.]

ENLOE, J.—Lewis Pettiford, the petitioner, was on the 10th day of June, 1929, in the circuit court of Delaware county, convicted of violating the liquor laws of this state, fined in the sum of $250.00, and sentenced to be imprisoned at the Indiana State Farm for the period of seventy-five days. He has served notice of his intention to appeal from said judgment of conviction, upon both the prosecuting attorney, and the clerk of said court, and he now files this petition to be let to bails, pending such appeal, under the provisions of section 1, of Chapter 121, of the Acts of 1929, p. 424.

Prior to the enactment of Chapter 154 of the Acts of 1911 (Acts 1911, p. 410 §§2386-2390, Burns 1926), there was no provision in our statute directing that persons who had been tried and convicted of violating our criminal law might be let to bail pending appeal. The matter of such persons being admitted to bail stood as at common law, and, at common law, letting to bail, after conviction, was a matter of grace, extended by the King through his Judges of the King's Bench, to the convicted party, in their sound discretion. It is fundamental that when a thing is a matter of *grace*, the party extending the grace has a right to prescribe the terms and conditions upon which such grace will be extended. The Legislature of this state is the "mouth-piece" of our King— the people—, and by said Chapter 121, the terms and conditions have been declared and fixed upon which such grace can be by us extended.

There is no constitutional right of the petitioner involved herein. The provision of our Constitution (§17, Art. I) that, "offenses ·other than murder and treason, shall be bailable by sufficient sureties," means that *before trial*, and while the presumption that the accused is innocent obtains, that the accused,

except when charged with treason or murder, may be let to bail. *Ex parte Voll* (1871), 41 Cal. 29; *Ex parte Dyson* (1852), 25 Miss. 356; *Ex parte Heath* (1910), 227 Mo. 393, 126 S. W. 1031; *State* v. *Ward* (1823), 9 N. C. 443; *Ex parte Ezell* (1874), 40 Tex. 451, 19 Am. St. Rep. 32; *In re Boulter* (1894), 5 Wyo. 263, 39 Pac. 875; *In re Schriber* (1911), 19 Idaho 531, 114 Pac. 29, 37 L. R. A. (N. S.) 693, 3 R. C. L., p. 15, §14.

In the case of *Ex parte Huffman* (1914), 181 Ind. 241, 104 N. E. 511, it was said: "This court has no power, aside from that given by the Act of 1911, to order convicted defendants admitted to bail, the petitioner has not brought himself within the provisions of that act." In harmony with what was said, as above, by our Supreme Court, we say, we have no power, aside from the Act of 1929, *supra*, to admit a convicted person to bail pending his appeal. That act is the "King's declaration" of the terms and conditions upon which his grace may be extended, and is binding upon all.

Section 2, of the Act of 1911, *supra*, was amended by the Act of 1929, *supra*, so that said section now reads as follows:

"Upon sentence being pronounced in any action where the penalty or part of it is imprisonment in any of the penal or correctional institutions of the state, except as above provided, and judgment thereon has been entered, and an appeal has been taken or prayed for, and notice of such appeal has been given as required by law, such defendant so sentenced and adjudged may file his petition to be admitted to bail pending such appeal. Such petition shall be filed in the court to which such appeal is to be or has been taken or in which the judgment of conviction has been entered. The court to which such application for bail is made may require such notice thereof to be given to the prosecuting attorney of the circuit in which the judgment was rendered or to the attorney-general of the state. If such court is not in session such application may be made to any judge thereof in vacation and such judge may act thereon the same as if such court was in session. The court to which such application for bail is made *shall not admit such defendant to bail* pending such appeal *unless a proper showing is made of a probability of a reversal of the judgment.*" (Our italics.)

In the enactment of this statute the legislature recognized the rule of law which obtains—that after trial and conviction, the defendant is presumed to be guilty of the offense charged against him—and hence it saw fit to place upon him the burden of making a showing of probable reversible error, in his application for bail. This burden so placed upon such applicant by the legislature, we cannot, by "judicial legislation" strike down.

The petitioner herein has made no such showing as the law requires; he has not brought himself within the provisions of

said Act of 1929, and we have, therefore, no authority to make an order admitting him to bail.

Petition denied.

McMahan, C. J., and Lockyear, Neal, Nichols, and Remy, J. J., concur.