STATE OF INDIANA *v.* RICE.

[No. 29,317.   Filed May 11, 1956.]

*Edwin K. Steers,* Attorney General and *Patrick Brennan,* Prosecuting Attorney 60th Judicial District and *Isadore D. Rosenfeld,* Deputy Prosecuting Attorney, for appellant.

*Joseph T. Helling,* and *Crumpacker, May, Beamer, Levy & Searer,* of South Bend, for appellee.

EMMERT, J.—The issue presented by this appeal is whether §4-2402, Burns' 1946 Replacement [Acts 1905, ch. 129, §216, p. 219; 1921, ch. 70, §1, p. 153; 1939, ch. 7, §1, p. 12] deprives a Justice of the Peace of Center Township, St. Joseph County, Indiana, of jurisdiction of a violation of a highway traffic misdemeanor committed outside of the corporate limits of South Bend. The trial court held that it did, and the state appeals.

South Bend is a city of the second class, and no magistrate courts have been created for St. Joseph County. The material part of the statute concerning the jurisdiction of city courts is as follows:

"He shall have and exercise within the county in which such city is located the powers and jurisdiction now or hereafter conferred upon justices of the peace in all cases of crimes and misdemeanors, except as otherwise herein provided. He shall have exclusive jurisdiction of all violations of the ordinances of such city. *In all cities of the* first and *second* and third *class he shall have exclusive jurisdiction of the trial of all misdemeanors constituting violation of highway traffic*

*ordinances of such city, and of violations of the highway traffic laws of the state of Indiana; . . .*" (Italics supplied.) Section 4-2402, Burns' 1946 Replacement.

The appellee would have us construe the exclusive jurisdiction of the city court as if the clause concerning highway traffic laws of the State of Indiana had added to its words "within the county in which such city is located." Admittedly, this clause as it stands is ambiguous, but, as was stated by this court in *State ex rel. 1625 E. Washington R. Co.* v. *Markey, Judge* (1937), 212 Ind. 59, 63, 7 N. E. 2d 989, "It is our duty, however, to construe the Act and determine if we can its meaning. As said in the case of *State* v. *Street Ry. Co.* (1898), 146 Mo. 155, 167, 47 S. W. 959:

" 'A statute can not be held void for uncertainty, if any reasonable and practical construction can be given to its language. Mere difficulty in ascertaining its meaning or the fact that it is susceptible of different interpretations will not render it nugatory. Doubts as to its proper construction will not justify us in disregarding it. It is the bounden duty of the courts to endeavor by every rule of construction to ascertain the meaning of, and to give full force and effect to every enactment of the General Assembly not obnoxious to constitutional prohibitions.' "

"Every statute is to be construed with reference to its intended scope and to the purpose of the legislature in enacting it; and where language is used which is ambiguous or admits of more than one meaning, it is to be taken in such a sense as will conform to the scope of the act and carry out the purpose of the statute. *State ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 191, 95 N. E. 417, Ann. Cas. 1914B 91; *Storms v. Stevens* (1885), 104 Ind. 46, 50, 3 N. E. 401; *Maxwell v. Collins* (1856), 8 Ind. 38, 40." *J. Wooley*

*Coal Co.* v. *Tevault* (1918), 187 Ind. 171, 182, 118 N. E. 921, 119 N. E. 485.

"Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship, or injustice; to favor public convenience; and to oppose all prejudice to public interests. Consideration of attendant evils and hardships may properly exert an influence in giving a construction to a statute when its language is ambiguous or uncertain and doubtful. *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030." *Lost Creek School Twp., Vigo County* v. *York* (1939), 215 Ind. 636, 644, 21 N. E. 2d 58, 128 A. L. R. 1287.

"A matter or thing found to be within the intention of the Legislature by necessary implication has the same effect as if expressed in the statute. *Hyland* v. *Rochelle* (1913), 179 Ind. 671, 100 N. E. 842." *County Dept. of Pub. Welfare* v. *Potthoff* (1942), 220 Ind. 574, 585, 44 N. E. 2d 494.

As we examine all the provisions of §4-2402, Burns' 1946 Replacement, concerning the jurisdiction of city courts of cities of the second class, it seems apparent to us that the Legislature intended to vest jurisdiction in them over violations of highway traffic rules and regulations, whether prescribed by statute or ordinance, when committed within the city. Nor would it promote public convenience to require a highway traffic violation committed in an outlying township to be filed in the city court. We are construing the jurisdiction of an inferior statutory court, and it should not be enlarged by implication. When so construed with these policies in mind and under the well settled rules of statutory construction above quoted we are constrained to hold that the exclusive jurisdiction of violations of highway traffic laws is limited to violations occurring

within said city. For these reasons the trial court erred in holding the justice of the peace did not have jurisdiction of the charge involved in this appeal.

Judgment reversed with orders to the trial court to make the proper orders to reinstate the appeal from the justice of the peace.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 134 N. E. 2d 219.