STATE OF INDIANA *v.* GILBERT.

[No. 30,600. Filed September 23, 1966.]

*John J. Dillon,* Attorney General, *Noble R. Pearcy,* Prosecuting Attorney, 19th Judicial Circuit, and *Donald L. Adams,* Deputy Prosecuting Attorney, for appellant.

*Owen M. Mullin,* and *Kennsinger, Purdy, Mullin, O'Connor & Foley,* of Indianapolis, for appellee.

MYERS, J.—This was a criminal action commenced by the State, appellant herein, against Elree Gilbert, appellee, wherein appellee was charged by affidavit with registering a motor vehicle without submitting a valid receipt from the Treasurer of Marion County, Indiana, showing that all personal property and poll taxes had been paid in full, or that he was not subject to tax or assessment, as required by the law of the State of Indiana. The cause was submitted for trial before Hon. John C. Christ, Judge of Municipal Court, Room No. 5, Marion County, and evidence was heard. A written motion for discharge was filed by appellee after he had rested without submitting evidence on his own behalf. This motion urged a finding of not guilty for the reason that no valid or constitutional statute authorized the instant prosecution. The

motion was sustained by the trial court and appellee was found not guilty with subsequent judgment entered thereon. No motion for new trial was filed. The State filed its praecipe with the Marion County Clerk requesting a complete transcript of the entire record for use on appeal to the Supreme Court of Indiana. However, no bill of exceptions concerning the evidence was submitted and received as part of the record herein. The sole question to be decided as stated by the trial court is whether or not the statute upon which the charge was based is constitutional. Appellant admits that its assignment of errors raises only this question. So, this court will consider only the question of law presented jointly herein.

This appeal comes to us by virtue of Burns' Ind. Stat., § 9-2304, Fourth, 1956 Replacement, which permits appeals to be taken upon a question reserved by the State. Our decision on this matter will have no effect upon the finding and judgment of discharge by the trial court, but will only attempt to clarify the question of law presented by the State based upon that finding and judgment.

The Judge of the trial court wrote an explanatory opinion on the matters involved in his decision which was incorporated in the record. Such an opinion is not usually considered by an appellate tribunal. *Hinshaw* v. *Security Trust Co.* (1911), 48 Ind. App. 351, 356, 93 N. E. 567; *Cooley* v. *Kelley* (1913), 52 Ind. App. 687, 693, 96 N. E. 638, 98 N. E. 653. It may be considered to determine the meaning and effect of the trial court's decision. *Pub. Serv. Comm.* v. *Ft. Wayne U. Ry. Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719; *Gavin* v. *Miller* (1944), 222 Ind. 459, 54 N. E. 2d 277. However, here, the State has more or less taken recognition of the propositions submitted by the trial court and attempted to answer them in the Argument section of its brief. We shall not set forth the trial Judge's opinion, but only the arguments presented by the State in its brief opposing the points and propositions presented therein and answered by appellee in his brief.

The matter involved in this case is Section 15 of the Act of the 1961 General Assembly, being Chapter 345, Page 1071; Burns' Ind. Stat., § 47-2602b, 1965 Replacement. The Act in general provided for a tax of two per cent on the value of motor vehicles and mobile homes in lieu of the ad valorem property tax. An action for declaratory judgment requesting injunctive relief was brought in Marion Superior Court, Room No. 3, which upheld the law as being constitutional and denied the plaintiffs relief. There was an appeal taken to this court which reversed the trial court with directions to enter a judgment for appellants. *Wright* v. *Steers, Atty. General, et al.* (1962), 242 Ind. 582, 179 N. E. 2d 721. Rehearing denied 180 N. E. 2d 539.

The principal ground for the court's decision was that the Act violated Art. 10, Sec. 1, of the Indiana State Constitution, which provides as follows:

"The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law."

Section 15 of the Act (Acts of 1961, Chapter 345, Page 1071, *supra*) reads as follows:

"Any owner of a vehicle who registered such vehicle without paying the excise tax required by this act or who fails to provide proper evidence of payment of all personal property and poll taxes shall be guilty of a misdemeanor and, upon conviction, shall be subject to a fine in a sum not to exceed five hundred dollars ($500) or imprisoned for any determinate period of not more than six (6) months, or both. The bureau shall revoke the registration of each such motor vehicle or mobile home until such owner shall have paid his delinquent personal property taxes."

Argument was made that the severability clause set forth in Section 20 of the Act would result in the excise tax being

held valid while that portion of the Act providing for the exemption of motor vehicles from the general property tax would fail because of its invalid exemption and, as a result, motor vehicles would still be subject to the general property tax rate as all other property. This court rejected that argument because Section 2, which imposed the tax, consisted of one single sentence, which reads as follows:

"There is hereby imposed an annual license excise tax upon motor vehicles and mobile homes, which tax shall be in lieu of the ad valorem property tax levied for state or local purposes, but in addition to any registration fees imposed on such vehicles."

This court said as follows:

"Section 2 set forth above consists of only one sentence. It would require us to split a sentence in two in order to separate the constitutional from the unconstitutional. It is our view that the legislature intended the provisions in that sentence to stand together or fall together. The Act must fall because of its unconstitutionality. It attempts, in violation of the Constitution, to exempt property other than that fixed in Article 10, § 1, from taxation." *Wright* v. *Steers, Atty. General, et al.* (1962), 242 Ind. 582, 589, 179 N. E. 2d 721, 725, 180 N. E. 2d 539, *supra.*

We believe that the case at bar falls directly within the statement and conclusion cited above in the *Wright* case. There are 22 sections in the 1961 Act of which 17 pertain directly to the imposition of the tax, the determination of its amount, the payment and collection thereof, and the final disposition of the funds collected. Of the five remaining, one section (§ 11) places an annual registration fee on passenger motor vehicles. Another (§ 20) is a severability clause providing that if any provision of the Act is invalid, its invalidity shall not affect other provisions which can be given effect without the invalid provision. Section 22 states that the Act shall take effect immediately after passage. Section 14 provides that where an applicant for registration does not submit a valid receipt showing all personal property and poll taxes paid in full and the bureau or its license branch

office issues a registration or license plates, the manager or employee thereof shall be guilty of a misdemeanor and upon conviction subject to the penalties stated therein.

As has been stated above, the particular section involved herein is Section 15 (Burns' Ind. Stat., § 47-2602b, 1965 Replacement), *supra*. It is obvious that this is a penalty section. The statute imposing the excise tax would have been unenforceable without the penalty provided in this section.

The State argues that although the excise tax was declared unconstitutional as a result of the *Wright* case, including the penalty clause set forth in Section 15 for failure to pay the tax, the remainder of the section pertaining to the penalty for failure to supply evidence of payment of all personal property and poll taxes should stand as valid pursuant to the severability clause. In other words, it claims that Section 15 should be read as follows with the bracketed words omitted:

> "Any owner of a vehicle who registers such vehicle [without paying the excise tax required by this act or] who fails to provide proper evidence of payment of all personal property and poll taxes shall be guilty of a misdemeanor and, upon conviction, shall be subject to a fine in a sum not to exceed five hundred dollars ($500) or imprisoned for any determinate period of not more than six (6) months, or both. The bureau shall revoke the registration of each such motor vehicle or mobile home until such owner shall have paid his delinquent personal property taxes."

This would require the splitting of a sentence in order to separate the constitutional from the unconstitutional. Judge Arterburn says in the *Wright* case, *supra,* that this cannot be done as the Legislature intended the provisions in Section 2 to stand together or fall together. The result herein would be that this court would have to scissor out those few words in Section 15 and leave the penalty provision as if it were designed only for failure to register according to the terms of the section.

It is a general rule that penal or criminal statutes must be strictly construed in favor of the accused and against the State. 26 West's Ind. Law Ency., *Statutes*, Ch. 6 § 175, pp. 366, 367. It is true that this has been modified where constitutional objections are presented (idem). We do not think this is the case here.

It is a general rule that in construing a statute, legislative intention must be determined. 26 West's Ind. Law Ency., *Statutes*, Ch. 6, § 111, pp. 312, 313. In ascertaining legislative intent, the entire statute and the object sought to be obtained must be considered. *Wedmore* v. *State* (1954), 233 Ind. 545, 122 N. E. 2d 1. In Sutherland on Statutory Construction (1891 Ed.), *Statutes Void in Part*, Ch. 9, § 169, p. 231, we find the following:

> "If one provision of an enactment is invalid and the others valid, the latter are not affected by the void provision, *unless they are plainly dependent upon each other, and so inseparably connected that they cannot be divided without defeating the object of the statute.*" (Our emphasis.)

It is stated in 26 West's Ind. Law Ency., *Statutes*, Ch. 1, § 11, p. 234, as follows:

> "* * * where the provisions of an act are mutually connected with, and dependent on, each other, warranting the belief that the Legislature intended them to operate as a whole, the invalidity of part of an act renders invalid all provisions which are thus dependent, connected or integral. If, after the elimination of an invalid part of an act, the remainder is not complete, the whole act is void."

In our opinion, it is clear that Section 15 expressly provided a penalty for the failure to pay the excise tax. Without this punch, the entire law would have been inoperative and useless. The penalty clause was an integral and dominant part of the act which was dependent upon it for enforcement. When the *Wright* case determined the act unconstitutional, the penalty clause in Section 15 went down with it. From the wording and language of the act, it is clear that the intent of the Legislature was primarily to

establish an excise tax. It is not up to this court to hold that the shadow of the penalty clause can be remolded into substance together with a rewritten Section 15 to create a different unrelated law which was only incidental to the main act. This would be judicial legislation on our part. Sutherland Statutory Construction, *Separability*, 3rd Ed., Vol. 2, Ch. 24, § 2416, p. 194. We therefore hold that when the act was declared invalid, Section 15 in its entirety was also declared invalid.

There are other grounds presented by the trial court, which appellant's brief attempted to answer and appellee's brief defended. There is merit to appellee's argument that the act violated Art. 4, Sec. 19, of the Indiana State Constitution, which, in general, states that every act of the Legislature shall embrace but one subject-matter and matters properly connected therewith; and if any subject shall be embraced in an act which is not expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.

The title to this act reads "AN ACT concerning license taxes on motor vehicles and mobile homes." Without deciding this question, we feel it goes further to indicate the Legislature's intention that the act was concerned only with the imposition of an excise tax and not with the method of collecting ad valorem taxes on motor vehicles which seem to be unrelated subject matters.

As we have decided on the ground set forth above that Section 15 cannot be resurrected by the severability clause, but is totally unconstitutional on the basis of the *Wright* case, we do not deem it necessary to discuss the other propositions set forth in appellant's brief.

Judgment affirmed.

Arterburn, J., concurs. Jackson, J., concurs in result. Rakestraw, C. J., and Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 892.