JEFFREY W. LOZA *v.* STATE OF INDIANA.

[No. 375S66. Filed April 3, 1975.]

*Sheldon H. Cohan,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant-Respondent) was charged with assault and battery with intent to kill and was convicted in a trial by jury of aggravated assault and battery and was sentenced to imprisonment for a term of not less than one nor more than five years under Burns § 10-410; Ind. Code

§ 35-13-3-1; Acts 1963, ch. 122, § 1.[1] The judgment of the trial court was reversed by the Court of Appeals, Third District. (See 316 N.E.2d 678). The appeal raises seven general issues.

ISSUE I. The Court of Appeals reversed the judgment of the trial court upon this issue. The State has petitioned for transfer under Appellate Rule 11, charging that the decision erroneously decided a new question of law, i.e. whether the trial court denied the defendant a right created by Burns § 9-2412; Ind. Code § 35-13-10-1, when it denied his verified motion for discharge. This statute was enacted in 1971 and has not been judicially interpreted previously. We hold that the Court of Appeals did decide this issue erroneously and transfer is hereby granted.

The statute in question is as follows:

> "Self defense—Defense of family—Defense of others.— No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary, or when coming to the aid of another whom he reasonably believes to be in imminent danger of or the victim of aggravated assault, robbery, rape, murder or other heinous crime."

Prior to trial, the defendant filed a verified motion for discharge which alleged certain facts which would appear to invoke the operation of the statute. The motion was overruled without a hearing, notwithstanding that the motion made a *prima facie* showing that the defendant had acted in self defense. This statute has not been previously interpreted by our courts, and our research discloses no interpretation of any similar statute by any sister state. We are controlled, therefore, by the express language of the statute itself and applicable rules of statutory construc-

---

1. Ind. Code § 35-13-3-1. 10-410. Aggravated assault and battery—Penalty.—Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery and upon conviction shall be imprisoned in the state prison for not less than one [1] year nor more than five [5] years, to which may be added a fine in any amount not to exceed one thousand dollars [$1,000]. [Acts 1963, ch. 122 § 1, p. 110.]

tion, the objective of such rules being to determine and effect the intent of the Legislature. *State* v. *Gilbert*, (1966) 247 Ind. 544, 219 N.E.2d 892; *Kirby* v. *Indiana Employment Security Board*, (1973) 158 Ind. App. 805, 304 N.E.2d 225. However, in so doing, we are also required to prevent absurdity and hardship and to favor public convenience. *State* v. *Rice*, (1956) 235 Ind. 423, 134 N.E.2d 219.

The defendant argues, and not without certain logic, that the plain language of the statute indicates the legislative intent to prevent persons who legitimately raise a self defense issue, as was done by this defendant, from being brought to trial (placed in jeopardy). This, he asserts, requires a pretrial hearing to determine the validity of the self defense claim. The Court of Appeals quite aptly observed that the conclusions necessary to the existence of a bar to prosecution as a matter of law under the statute, must arise from the same factual context as the guilt or innocence of the accused and that to require such facts to be tried preliminarily, before there may be a trial, would be to require an absurd waste of judicial resources. We parted company with that Court, however, when it concluded that a rational application of the statute could be secured by holding that the statute operates as a bar to prosecution where, "considering all the pleadings and affidavits before the trial court, there is no material issue of fact * * *", i.e. the prosecution does not dispute the justification alleged by the defendant. Such an application of the statute would be to recognize it as a summary judgment rule upon self defense issues and other similar issues covered by the statute. We cannot but observe, however, that for a defense claim to be made under the statute without involving a material issue of fact is, to us, incomprehensible, because such defenses deal with the state of the accused's mind and the reasonableness of his acts. We, therefore, agree with the dissenting opinion of Judge Garrard that if we are to prevent absurdity and hardship or to favor public convenience, we can recognize the statute under consideration

only as a legislative declaration of the public policy of the state. It neither creates a new remedy nor does it alter our procedure in any respect, and we so hold.

ISSUE II. Over the defendant's objection, the State was permitted to introduce eight spent forty-five caliber shell casings into evidence. These casings had been picked up from the grass in the immediate area where the assault had occurred and shortly thereafter by several police officers who were conducting an investigation in connection therewith. The casings were given to the witness by the officers at the scene of the investigation, and he, in turn, gave them to the duty officer at headquarters. The duty officer placed his initials upon each casing, placed them in an envelope and gave them to the property clerk, in whose custody they remained until they were turned over to the prosecuting attorney. The defendant based his objection upon an insufficient showing of the chain of custody of the exhibits, attaching significance to the markings upon the casings having been made by the duty officer rather than by the several officers who had found them and to the failure of the duty officer to seal the envelope in which the casings had been stored.

We see no merit to Defendant's objection. He has cited *Graham* v. *State*, (1970) 253 Ind. 525, 255 N.E.2d 652, to support his position. *Graham* is a leading authority on the "chain of custody" rule in Indiana. However, in that case, the court was concerned with a powdered substance that has been handled by numerous persons, without any accounting, between the time it was allegedly taken from the defendant and the time it was laboratorially tested. We said in that case that the danger of tampering, loss or mistake with respect to an exhibit is greatest where the exhibit is small and is one which has physical characteristics fungible in nature and similar in form to substances familiar to people in their daily lives. The identification requirements with respect to evidence not possessed of such characteristics are

not so rigid, and we have held since *Graham* v. *State, supra,* that a mere possibility that the evidence could have been tampered with will not make it inadmissible. *McMinoway* v. *State,* (1973) 260 Ind. 241, 294 N.E.2d 803; *Fraser* v. *State,* (1974) 261 Ind. 59, 312 N.E.2d 77.

ISSUE III. A prosecution witness was permitted to testify that the victim of the assault had stated that the defendant shot him. We need not treat the defendant's contention that the admission of such testimony violated the hearsay rule, because of the abundance of other uncontroverted evidence, including the testimony of the defendant himself, that he shot the prosecuting witness. The evidence was only cumulative of other facts having the same probative value, which were in evidence without objection and without contradiction. As such, the evidence even if erroneously admitted was, nevertheless, harmless. *Sexton* v. *State,* (1974) 262 Ind. 554, 319 N.E.2d 829.

ISSUE IV. Defendant next charges that the offense of aggravated assault and battery, in the instant case, was not a lesser included offense of assault and battery with intent to kill, because the elements of "great bodily harm" or "disfigurement" requisite to aggravated assault and battery were not necessarily included in the charging affidavit. This issue is not reviewable in this appeal. Questions not properly raised in the trial proceedings are not reviewable on appeal. *James* v. *State,* (1974) 261 Ind. 495, 307 N.E.2d 59; *Pinkerton* v. *State,* (1972) 258 Ind. 610, 283 N.E.2d 376. The defendant not only did not object to the court's instruction on the lesser included offense, which included aggravated assault and battery, his tendered instruction, although refused for other reasons, included aggravated assault and battery as an offense included in the offense charged.

ISSUE V. Defendant further contends that the verdict of the jury was not supported by sufficient evidence to overcome

his plea of self defense. In support of his position he points out that the evidence is undisputed that he was in a state of fear, that the prosecuting witness was larger than he, that he had previously been severely beaten by him and had sought legal recourse. He cites *Banks v. State,* (1971) 257 Ind. 530, 276 N.E.2d 155. *Banks,* however, was a case where the undisputed evidence was that the defendant was not the aggressor and not at fault. The circumstances of this case are more akin to *King v. State,* (1968) 249 Ind. 699, 234 N.E.2d 465. The plea of self defense must remain viable, and we do not retreat in the slightest from the rule requiring the State to carry the burden of proof thereon, nevertheless, the trier of fact may reject the claim when the evidence is conflicting. *Martin v. State,* (1974) 261 Ind. 492, 306 N.E.2d 93. Although there was no conflict in the evidence as to the specifics above mentioned, there was conflict upon other requisites of a successful plea.

ISSUE VI. This issue charges that the sentence is contrary to law in the instant case, as violative of Indiana Constitution Article 1, §§ 16 and 18, in view of the personal circumstances of the defendant. Defendant has cited us to no case authorities supportive of his position and, in fact, acknowledges that such case law is against him. These are primarily legislative considerations, and we are not at liberty to set aside a conviction or sentence because, on the record, it seems severe. *Hollars v. State,* (1972) 259 Ind. 229, 286 N.E.2d 166; *Blue v. State,* (1946) 224 Ind. 394, 67 N.E.2d 377; *Mellott v. State,* (1942) 219 Ind. 646, 40 N.E.2d 655.

ISSUE VII. Defendant's following assignments relate to instructions given and refused. The instructions he seeks to have us review are the court's final instructions numbered 4, 5, 6, 7 and 14 and his tendered instructions numbered 4, 5, 6, 7, 8 and 10. We shall treat these instructions without setting them forth in detail. No argu-

ment has been made relative to his tendered instruction number 8, and error, if any, with respect thereto is deemed waived. (Ind. R. Ap. P. 8.3(A) (7). *Hill* v. *State,* (1969) 252 Ind. 601, 604, 251 N.E.2d 429.)

With reference to the defendant's instruction number 5, counsel argues that it was tendered for the purpose of advising the jury that the defendant was entitled to use any means reasonably at hand in order to defend himself. This element was properly covered by the court's instruction number 14, whereby the jury was advised that when the right to self defense may be exercised, the assailed may "* * * use it to any extent which is reasonably necessary * * *." Further, the instruction tendered purported to enumerate the circumstances giving rise to a lawful employment of self defense measures, but one essential was omitted, i.e. that the defendant was without fault. The instruction, therefore, was not a correct statement of the law and was likely to mislead the jury.

As to his tendered instruction number 10, counsel argues that its purpose was to direct the jury that the defendant was entitled to an acquittal if they found that at the time of the shooting the defendant (1) acted without fault; (2) was in a place where he had a right to be; and (3) was in real or apparent danger of bodily harm and in good faith had cause to fear danger or bodily harm. An examination of the full text of the instruction, however, discloses that it provided "* * * if you find * * * the defendant * * * was without fault in *that he was in violation of no law,* and acted * * *, then you should find that the defendant acted in self defense and acquit him * * *." We are aware of no precedent for the proposition within the context of a self defense plea, that a person is without fault if he is not in violation of a law. As authority for the instruction, the defendant cited the trial court to *State* v. *Smith,* (1895) 142 Ind. 288, 41 N.E. 595. We have examined that case and find no such suggestion but only a discussion of the circumstances

requisite to a self defense plea. The court's instruction number 14 appears to have been taken almost verbatim from that case.

With reference to the defendant's tendered instruction number 4, counsel asserts "* * * nowhere within the court's instructions is there any indication that the Defendant was not under any burden at law to establish his defense of self defense; but, on the contrary, the burden was on the state to prove beyond a reasonable doubt that he had not acted in self defense." (Appellant's brief, p. 31). We refer counsel to the court's preliminary instruction number 9 which related the elements of self defense and concludes with the following statement. "* * * The burden of proof does not shift upon the Defendant, and the Defendant is not required to prove any excuse or justification; but the burden of proof remains upon the State to prove by all of the evidence and circumstances beyond a reasonable doubt that the Defendant's acts were not justified." (Transcript p. 109.) This preliminary instruction was far superior for the defendant's alleged purpose than was his tendered instruction number 4. In fact, the instruction tendered did not directly relate to the burden of proof upon the claim of self defense at all, although it could be inferred therefrom. We note that Defendant made no motion for a rereading of the preliminary instructions at the close of arguments, nor did any of his tendered instructions directly relate to the burden of proof upon a claim of self defense. We can only conclude that he must, therefore, have been satisfied that the jury had been adequately and properly instructed upon this question.

In support of his claim that he was entitled to have his tendered instruction number 6 given, counsel charges " * * * nowhere within the court's instructions is the jury advised that the Defendant, * * * was under no duty to retreat before taking steps to defend himself, * * * ." (Appellant's brief pp. 30, 31.) The following is an excerpt from the court's self defense instruction, being instruction 14 appearing at page 143 of the transcript. "One

who is without fault and in a place where he has a right to be, so far as his assailant is concerned, and is violently assaulted may, *without retreating*, repel force with force, * * *." (Emphasis added.)

With respect to his tendered instruction number 7, counsel asserts that the court's instructions on self defense omitted explaining that it is not necessary for one unlawfully assailed to believe that he can only defend himself by taking the life of the assailant. (Appellant's brief p. 32.) A continuation of the court's instruction number 4 quoted in part above is as follows: "* * * and he need not believe that his safety requires him to kill his adversary or intend to take his adversary's life in order to give him the right to use force for that purpose." (Transcript p. 143.)

Counsel, at page 33 of his brief has stated that the defendant objected to the giving of the court's instructions 4, 5, 6 and 7, etc., but our detailed examination of the record discloses no objections made at the trial to any of the court's instructions. Accordingly, error, if any, with respect to the giving of said instructions is not available. Ind. R. Crim. P. 8(B).

The foregoing inaccuracies in the defendant's brief regarding instructions given and refused, illustrates a problem with which this Court is becoming increasingly concerned. We are greatly disturbed by what appears to be a growing tendency among a number of lawyers to be careless, if not deliberately misleading, in their representations to the Court through their briefs. Recognizing the requirement that a lawyer represent his client zealously he, nevertheless, is required to remain within the bounds of law and ethical considerations. Clearly a deliberate misleading of the Court upon factual matters is misconduct demanding severe disciplinary action. Honest errors and oversights are understandable and tolerable, but when numerous representations of fact prove to be inaccurate, we are justified if we question the proponent's good faith.

Transfer is hereby granted. The decision and opinion of the Court of Appeals, Third District is hereby set aside, and the judgment of the trial court is affirmed.

Givan, C.J., Arterburn and Hunter, JJ., concur; Debruler, J., concurs with opinion.

### CONCURRING OPINION

DEBRULER, J.—The statute under consideration provides as follows:

> "No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary, or when coming to the aid of another whom he reasonably believes to be in imminent danger of or the victim of aggravated assault, robbery, rape, murder or other heinous crime." Ind. Code § 35-13-10-1, being Burns § 9-2412.

This is the full text of the statute.

If this statute granted an accused the right to a summary pre-trial hearing and judicial determination of his claim of self-defense or defense of his family, no degree of concern for public convenience or absurdness, which might arise in the judicial mind from reading it, could possibly lead the courts of this State to ignore its mandate. The courts would have the constitutional duty to enforce its terms to the best of their ability. Such a statute would have been enacted as a further protection for those accused of crime by our society, and the courts would be required to maximize the realization of its purpose. *Brown* v. *State*, (1975) 262 Ind. 629, 322 N.E. 2d 708.

However this statute does not grant that right at all. It employs the term "legal jeopardy." Appellant contends that this term should be equated to "being brought to trial." This contention cannot hold up since the statute refers to "legal jeopardy of *any kind whatsoever.*" Jeopardy is used here in its broadest sense. It would include any State action which

would serve to increase the risk of trial and conviction. An arrest would serve to increase this risk. The decision of the prosecutor to charge and the grand jury to indict would increase this risk. The command of this statute is addressed to all public officials who perform duties in law enforcement and the courts. In light of the broad sweep of this term and the absence from the statute of any mechanism for its enforcement which would serve to limit its purposes, I agree with the majority that the statute was intended as a legislative re-affirmance of the proposition that at this time in history the ancient right of self-defense remains inviolate in every person.

NOTE.—Reported at 325 N.E.2d 173.