STATE of Indiana on the relation of Craig Allen SCOTT, Relator,

v.

ST. JOSEPH SUPERIOR COURT, and Honorable Norman Kopec, Judge Thereof, Respondents.

No. 580S156.

Supreme Court of Indiana.

Dec. 10, 1980.

Douglas D. Seely, Jr., Mishawaka, for relator.

Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for respondents.

DeBRULER, Justice.

Relator Scott has prosecuted this original action in this Court seeking a writ of mandate to require the respondent court to consider his eligibility for bail pending appeal, and if warranted grant such bail. Relator was charged with the murder of one Telesfor Radomski, such offense occurring on September 18, 1978. He was convicted of this murder on January 14, 1980. Respondent then set an appeal bond for relator in the sum of $7500. Relator posted this bond and remained free until March 7, 1980, when respondent revoked his bail and ordered him arrested. This revocation and later refusal on April 18, 1980, to reinstate the bail were based upon respondent's belated discovery of Ind.Code § 35–4–6–1.5. That statute became effective on September 1, 1979, after the offense of which relator was convicted took place and relator therefore contends before us that respondent's application of that statute to him was violative of the ex post facto provisions of the Indiana and federal Constitutions. Relator seeks a writ from this Court mandating respondent to consider his eligibility for bail pending appeal under the law existing and in effect at the time of the commission of the offense.

Indiana Code § 35–4–6–1.5, which became effective September 1, 1979, provides as follows:

"A person convicted of an offense who has appealed or desires to appeal the conviction may file a petition to be admitted to bail pending appeal under this chapter. The person may be admitted to bail pending appeal at the discretion of the court in which the case was tried, but he may not be admitted to it if he has been convicted of a class A felony or a felony for which the court may not suspend the sentence under IC 35–50–2–2."

Indiana Code § 35–4–6–1 (repealed) which was in effect prior to September 1, 1979, and at the time of the offense of which appellant stands convicted provided:

"Whenever a person is convicted in any court of any offense except murder, and he has appealed or desires to appeal the conviction and has given notice thereof as required by law, he shall be admitted to bail pending appeal upon compliance with this chapter."

■ Relator has not brought himself within provisions of either of these statutes. He stands convicted of murder. Murder is presently a class A felony and pursuant to Ind.Code § 35–50–2–2, the sentence therefor may not be suspended. Relator was barred from consideration for bail pending appeal by the express terms of both statutes because he seeks bail following a conviction for murder. On this basis relator's claim for relief fails. Since this case can be resolved on state law grounds, we are under no duty to consider relator's constitutional claim. *Board of Com'rs of Howard Co. v. Kokomo City Plan Com'n.*, (1975) 263 Ind. 282, 330 N.E.2d 92.

■ In a special brief filed by relator following oral presentation to this Court and our denial of a temporary writ, he contends that Indiana courts retain a vestige of common law authority to grant bail following convictions despite the above statutes. The proposition is not sustained. The Indiana Appellate Court in considering a statute permitting bail in certain instances pending appeal described the situation at common law.

"[A]t common law, letting to bail, after conviction, was a matter of grace, extended by the King through his Judges of the King's Bench, to the convicted party, in their sound discretion. It is fundamental that when a thing is a matter of *grace*, the party extending the grace has a right to prescribe the terms and conditions upon which such grace will be extended. The Legislature of this state is the 'mouth–piece' of our King—the people—, and by said Chapter 121 [statute granting right to bail pending appeal], the terms and conditions have been declared and fixed upon which such grace can be by us extended." *Ex Parte Pettiford*, (1933) 97 Ind.App. 703, 167 N.E. 154.

This colorful statement is basically accurate. It is confirmed by the opinion of this Court in *Ex Parte Huffman*, (1913) 181 Ind. 241, 104 N.E. 511, in which we held that the Supreme Court had no power aside from a statute granting the right to bail pending appeal, to admit to bail. The authority granted respondent to admit to bail pending appeal is limited to its statutory authority.

The permanent writ is denied.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.