**David A. WILLIS, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 64A03–8604–CR–101.**

Court of Appeals of Indiana,
Third District.

April 29, 1986.

Gary K. Matthews, Enslen, Enslen & Matthews, Hammond, and Christopher Kirages, Indianapolis, for appellant.

Michael Gene Worden and Gary Damon Secrest, Indianapolis, for the State.

GARRARD, Judge.

This case comes before us on appellant's petition to be let to bail pending appeal. The pertinent statute, IC 35–33–9–1, provides:

> "A person convicted of an offense who has appealed or desires to appeal the conviction may file a petition to be admitted to bail pending appeal. The person may be admitted to bail pending appeal at the discretion of the court in which the case was tried, but he may not be admitted to it if he has been convicted of a class A felony or a felony for which the court may not suspend the sentence under IC 35–50–2–2."

The trial court denied Willis' petition, and he has now applied to this court pursuant to Indiana Rules of Procedure, Appellate Rule 6(B). The threshhold question is whether this court is empowered to grant relief.

It is well recognized that the right to bail pending appeal is not required by the constitution. It is, therefore, a matter of legislative grace. *In re. Pisello* (1973), 155 Ind.App. 484, 293 N.E.2d 228; *Ex Parte Pettiford* (1933), 97 Ind.App. 703, 167 N.E. 154.

Accordingly, the authority of the courts to grant such bail is limited to the authority granted by statute. In *Ex Parte Huffman* (1914), 181 Ind. 241, 104 N.E. 511 the Supreme Court held it was without authority to order Huffman admitted to bail when at the time of his application he had not yet filed a motion for new trial. The court read the statute in force at the

time as permitting bail only after a motion for new trial had been denied.[1]

Similarly, in *State ex rel. Scott v. Joseph Sup. Ct.* (1980), 274 Ind. 605, 413 N.E.2d 565 the court held it was without authority to mandate the trial court to consider affording bail pending appeal. Scott stood convicted of murder and pursuant to IC 35–50–2–2(b) was not eligible for a suspended sentence. The applicable statute, IC 35–4–6–1.5 [Repealed], prohibited bail pending appeal in such instances.

The present statute which is applicable to Willis' claim was enacted as Acts 1981, P.L. 298, Sec. 2 and is nearly identical to the 1979 version which was before the court in *Scott.*[2]

Prior to 1979 the statute excluded only murder from possible bail pending appeal. More significantly for our present inquiry, the prior version directed that eligible petitions "shall be admitted to bail pending appeal upon compliance with this chapter." IC 35–4–6–1 [Repealed]; *Scott, supra.*

■ The 1979 amendment which was carried forward to the present statute changed the prior scheme by expressly stating that bail pending appeal was to be discretionary. Clearly, the implication of this change is that in appropriate circumstances bail pending appeal might be denied although the party appealing was not among the category of persons to whom bail pending appeal was prohibited.

■ This grant of discretion provides the necessary authority to the courts to satisfy the requirements of *Scott* and *Huffman* unless the statute should be read as vesting that discretion solely in "the court in which the case was tried." We conclude the legislature intended no such restrictive application of the statute. Rather, the

phrase was intended simply to express the discretion available and that the court that tried the applicant should be the court to originally consider the application. *Cf. Peek v. State* (1983), Ind.App., 454 N.E.2d 450.

■ Our reason for this conclusion arises from the traditional principle that in matters of statutory construction, courts will adopt the interpretation that renders a statute constitutional and fully implements its provisions. *See, e.g., State v. Rice* (1956), 235 Ind. 423, 134 N.E.2d 219; *Smith v. Indianapolis St. R. Co.* (1902), 158 Ind. 425, 63 N.E. 849. If the statute were interpreted as reposing in the trial court the exclusive power to determine whether a petitioner should be let to bail pending appeal, it would necessarily follow that the trial court's decision would not be subject to appellate review. Such an interpretation would not pass constitutional muster. *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399.

■ Since the statute grants to the court discretionary power to authorize bail pending appeal, we conclude that we are authorized to hear Willis' petition to this court. Appellate Rule 6(B) in pertinent part provides:

"The trial court or judge thereof shall have jurisdiction to fix and approve the bond and order a stay pending an appeal as well as prior to the appeal. If the stay is denied by the trial court or judge thereof, the appellate tribunal may reconsider the application at any time after denial upon a proper showing by certified copies of the trial court's action and grant or deny the same and fix bond."

In *Naked City, Inc. v. State* (1982), Ind. App., 434 N.E.2d 576 the court held Appellate Rule 6(B) applicable to criminal pro-

---

1. The court observed, however, that the trial court would not be warranted in sending Huffman to the state prison pending the determination of his motion for new trial. 104 N.E. at 512.

2. The 1979 statute, IC 35–4–6–1.5, provided:
   "A person convicted of an offense who has appealed or desires to appeal the conviction may file a petition to be admitted to bail pending appeal under this chapter. The person may be admitted to bail pending appeal at the discretion of the court in which the case was tried, but he may not be admitted to it if he has been convicted of a class A felony or a felony for which the court may not suspend the sentence under IC 35–50–2–2."

ceedings and pointed out in a footnote that a proceeding under that rule is in aid of our appellate jurisdiction and we are, therefore, not limited to reviewing the trial court's determination for an abuse of discretion. Instead, we may reconsider the application. We agree with this interpretation of the rule.

And this court having reviewed the petition of David Willis and the matters certified therewith, and having heard the arguments of counsel, and being duly advised in the premises, does not order that petitioner be let to bail pending the diligent prosecution of his appeal upon the terms and conditions set forth hereafter, to-wit:

(H.I.)

BUCHANAN, C.J. (sitting by designation), and STATON, P.J., concur.

### ORDER GRANTING PETITION FOR APPEAL BOND

Comes now the Appellant, David A. Willis, by his attorneys, Gary K. Matthews of Enslen, Enslen & Matthews who now enters his appearance for the Appellant and Christopher Kirages who has previously entered his appearance for Appellant. The State of Indiana is represented by the Attorney General of Indiana and his deputies Michael Gene Worden and Gary Damon Secrest.

A hearing has been set this morning, April 10, 1986 at 11:00 a.m., upon the Appellant's "Petition for Determination of Appeal Bond." The Appellant's attorneys and the Attorney General by his deputies having presented their arguments, this Court finds:

1. That Appellant will faithfully prosecute his appeal.
2. That Appellant will abide by the order and judgment of this Court.
3. That the "Appellant's Petition for Determination of Appeal Bond" should be granted.
4. That the appeal bond should be set in the sum of five thousand dollars ($5,000.00).

5. That said bond should be deposited with the Clerk of this Court on or before Thursday, April 17, 1986.
6. That the temporary stay granted heretofore should be extended to and including April 18, 1986.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the "Appellant's Petition for Determination of Appeal Bond" be and the same hereby is granted.

IT IS FURTHER ORDERED that a bond in the sum of five thousand dollars ($5,000.00) be deposited with the Clerk of this Court on or before Thursday, April 17, 1986.

IT IS FURTHER ORDERED that the temporary stay heretofore granted in the above entitled appeal be and the same hereby is extended to and including April 18, 1986.

s/Paul H. Buchanan, Jr.
Paul H. Buchanan, Jr., Chief Judge
4–10–86