**Howell ATKINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 71A038908CR341.**

Court of Appeals of Indiana, Third District.

Feb. 22, 1990.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant petitions this Court to be let to bail pending appeal. The relevant statute, IND.CODE § 35–33–9–1 (1988 Ed.), provides:

"A person convicted of an offense who has appealed or desires to appeal the conviction may file a petition to be admitted to bail pending appeal. The person may be admitted to bail pending appeal at the discretion of the court in which the case was tried, but he may not be admitted to it if he has been convicted of a Class A felony or a felony for which the court may not suspend the sentence under IC 35–50–2–2."

The trial court denied Atkins' petition, and he has now applied to this Court pursuant to Ind.Appellate Rule 6(B).

It is well recognized that the right to bail pending appeal is not required by the Constitution. *Willis v. State* (1986), Ind.App., 492 N.E.2d 45, 46. It is, therefore, a matter of legislative grace. *Id.*

The court's authority to grant appellant's petition to be let to bail is governed by statute. The history of this statute was reviewed by this Court in *Willis, supra.* Prior to 1979 the statute excluded only murder from possible bail pending appeal so that all other petitions were admitted to bail pending appeal upon compliance with the statute.

However, this statute was amended in 1979 when a clause was added expressly stating that bail pending appeal was to be discretionary with the court. This Court stated:

"Clearly, the implication of this change is that in appropriate circumstances bail pending appeal might be denied although the party appealing was not among the category of persons to whom bail pending appeal was prohibited." 492 N.E.2d at 47.

Atkins was convicted of assisting a criminal, a Class C felony, and was adjudged to be an habitual offender pursuant to IND. CODE § 35–50–2–8 (1988 Ed.). Although the habitual offender offense is not listed under IND.CODE § 35–50–2–2 as a sentence that may not be suspended, it is not suspendible.

The Indiana Supreme Court in *State v. Williams* (1982), Ind., 430 N.E.2d 756, held that when a criminal defendant receives an enhanced sentence under the habitual offender statute, such sentence may not be suspended. In fact the habitual offender statute, IND.CODE § 35–50–2–8, only provides that a court may reduce the sentence in certain circumstances, but does not contain a provision for suspending the sentence. *See also: Marsillett v. State* (1986), Ind., 495 N.E.2d 699, 705.

Since the court may not suspend Atkins' sentence, he may not be admitted to bail pending appeal.

GARRARD and STATON, JJ., concur.