IN RE ADAMS *v.* STATE OF INDIANA.

[No. 30,485. Filed October 31, 1963.]

*William B. Miller,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Donald L. Adams,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal taken from the Juvenile Court of Marion County to the Appellate

Court, wherein the appellant was alleged to be a delinquent child by reason of habitual truancy. The Appellate Court has transferred this cause to this court with an opinion (In the Matter of Edna Odell Adams, a minor under the age of eighteen, *Edna Odell Adams, Appellant, v. State of Indiana,* Appellee, No. 19686, dated October 10, 1963) on the ground that the appeal was taken to the wrong court in the light of the case of *In the Matter of Rosenbarger, etc.* (1957), 237 Ind. 23, 141 N. E. 2d 853. In that case an infant was declared "a neglected child" as defined in Burns' §9-3206, 1956 Repl. and this court stated:

> "These proceedings do not constitute a 'criminal (or penal) prosecution' within §4-214, Burns' 1946 Repl. and do not fall within any of the other classes of cases made appealable to this court by the statute. Said statute expressly provides that "All appealable cases other than those herein mentioned shall be taken to the Appellate Court.' "

The Appellate Court, noting the use of the word "penal," states that in this case the appellant-child was committed to the Indiana Girls School until she attained the age of twenty-one (21) unless sooner released, in accordance with the statute on juvenile delinquency, and therefore the punishment was penal in nature, which is synonymous with criminal, and then states that the proceeding falls within a "criminal prosecution" as defined in the statute [Burns' §4-214, 1946 Repl. (Supp.)], which makes it appealable to the Supreme Court. As a result, we must determine the meaning of the statutes relating to proceedings in juvenile courts and the nature of the proceedings therein. If these proceedings are criminal prosecutions, the appellate jurisdiction lies directly in the Supreme Court. If they are of another nature,

then the appellate jurisdiction lies in the Appellate Court. Burns' §9-3201, 1956 Repl., states:

"The purpose of this act [§§9-3201—9-3225] is to secure for each child within its provisions such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interests of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given by his parents.

"The principle is hereby recognized that children under the jurisdiction of the court are subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them."

Burns' §9-3204, 1956 Repl. (Supp.), defines the items which create the status or condition of "delinquent child." One of the items, (4), states that such condition exists when a child "is habitually truant" as charged in this case. Burns' §9-3205, 1956 Repl., also defines what is a "dependent child" and Burns' §9-3206, 1956 Repl., defines what is a "neglected child." The Act makes the child a ward of the court and gives the court continuing jurisdiction over the child, with considerable latitude as to where the child may be placed for discipline, for control, for guidance and for help. It provides that no child may be placed in the prison, jail or lockup without a special order of court. (Burns' §9-3222, 1956 Repl.) It further provides for the destruction of the records regarding any proceedings against a delinquent child. Although the Act [Burns' §9-3215, 1956 Repl. (Supp.)] does provide that a child may be committed to any suitable public institution or agency, the Act also says:

"No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any civil disabilities ordinarily imposed by conviction, nor shall any child be *deemed a criminal* by reason of such adjudication, nor shall such adjudication be deemed a *conviction,* nor shall any child be charged with or convicted of a crime in any court except as provided in section 14 [§9-3214] and section 23 [§9-3223]." (Our italics)

It is quite apparent from this that the proceeding is not a criminal prosecution in the juvenile court. This is made all the plainer by Burns' §9-3214, 1956 Repl. (Supp.), which provides that the judge, after full investigation, may waive juvenile jurisdiction if the child is over 15 years of age and is charged with an offense which would amount to a crime if committed by an adult. In such case he is held for trial under the regular procedure of a criminal court.

In the case of *Bynum* v. *State* (1954), 124 Ind. App. 530, 114 N. E. 2d 885, the defendant, an adult 26 years of age, was tried on the charge of contributing to the delinquency of a child in the juvenile court. Very properly, the Appellate Court held that the jurisdiction of the appeal was in the Supreme Court, since a criminal prosecution was involved.

Reference is made in the opinion to the Appellate Court case of *State ex rel. Johnson* v. *White Circuit Ct.* (1948), 225 Ind. 602, 609, 77 N. E. 2d 298, 302, wherein it is stated that " . . . an act of delinquency is a wrong against the state for which the state has provided corrective as well as protective remedies." However, in that same case it is also stated that "An act done by an infant, which under §9-3204, Burns' 1942 Repl. (Supp.), (Acts 1945, ch. 356, §4,

p. 1724), is defined as an act of juvenile delinquency, *is not a crime."* (Our italics) *Id.* 225 Ind. at 608, 77 N. E. 2d at 301. There is some language in *State ex rel. Johnson* v. *White Circuit Court., supra,* that is rather broadly or loosely used and we think, likewise, that in the case of *In Re Rosenbarger* the word "penal" as used therein should not be given too broad a meaning, in the light of other language in the case.

Legislation dealing with juvenile courts and juvenile delinquency is the result of solicitude of the law for the welfare of the infant. Juvenile courts are generally considered to exercise a parental supervision over delinquent and neglected children as *parens patriae.* Such courts assume jurisdiction over juvenile delinquents for their protection, care and custody. Standing in *loco parentis,* they may exercise a supervision of delinquent children and may properly restrain their liberty in the exercise of discipline, rehabilitation and training. They are in a different group from that of adults, and the constitutional guaranties with reference to criminal procedure applying in the case of adults do not have the same application to infants by reason of the nature of the parental supervision necessary for their training, care and discipline. The proceedings, therefore, for such purposes do not have the formalities that a criminal proceeding has, including the right to a jury trial. *State ex rel. Johnson* v. *White Circuit Ct.* (1948), 225 Ind. 602, 608, 77 N. E. 2d 298, 301; 31 Am. Jur., §17, p. 303.

For the reasons stated, under the present statute an appeal of this nature is to the Appellate Court. A proceeding in juvenile court against an infant which merely declares the infant's status or condition to be that of a delinquent and subject to

corrective treatment under the supervision of the juvenile court is not a criminal prosecution.

The motion for a new trial in this case attempts to raise many of the questions with reference to the right to a strict compliance with criminal proceedings in juvenile courts. However, it is unnecessary for us to give consideration to the merits of such a motion, since it appears under a motion to dismiss this appeal that the motion for a new trial was filed too late. No other errors were properly assigned.

The record shows, we note, that previously on September 6, 1961 this case was transferred from the Appellate Court to this court, and on September 14, 1961 was remanded to the Appellate Court. This case appears to have been pending far too long on appeal.

We have reviewed and considered a motion to dismiss this appeal filed by the appellee. The record shows without question that the motion for a new trial was filed too late and beyond the time fixed under the statute.

This appeal is remanded to the Appellate Court with directions to sustain the motion to dismiss.

Myers, C. J., Landis and Achor, JJ., concur; Jackson, J., concurs in all except last four paragraphs of opinion, to which he dissents.

NOTE.—Reported in 193 N. E. 2d 362.