**James W. ILES**
v.
**Albert E. ELLIS, Superintendent, Indiana State Farm.**

**No. TH 66–C–94.**

United States District Court
S. D. Indiana,
Terre Haute Division.

Jan. 31, 1967.

Kenneth C. Kern, Indianapolis, Ind., R. Jerome Kearns, Terre Haute, Ind., for petitioner.

John J. Dillon, Atty. Gen., Indianapolis, Ind., for respondent.

### ENTRY

HOLDER, District Judge.

The above entitled action came before the Court for ruling on petitioner's Verified Petition for Writ of Habeas Corpus ordered filed October 3, 1966, respondent's Motion to Dismiss and Memorandum in Support thereof filed October 14, 1966, respondent's Supplemental Brief and Waiver of Oral Argument filed December 30, 1966, petitioner's Answer Brief to Respondent's Supplemental Brief filed January 30, 1967, Respondent's Waiver of Reply Brief filed January 19, 1967, and petitioner's Petition for Order Requiring Presence of Petitioner filed January 23, 1967. The Court being duly advised in the matter now finds:

1.  That petitioner was convicted upon his plea of guilty in Criminal Division II, Marion County, Indiana, on June 9, 1966 and sentenced to a term of three hundred sixty (360) days.

2.  That petitioner has not appealed from that conviction and has taken no legal action in any court, state or federal, except the filing of a Petition for Writ of Habeas Corpus filed in Criminal Division II, Marion County, and the Petition for Habeas Corpus filed in the above entitled action.

3.  That petitioner's term of imprisonment will expire in June of 1967.

It is therefore ordered and adjudged that respondent's Motion to Dismiss is sustained, and petitioner's Petition for Writ of Habeas Corpus be and is hereby dismissed, and petitioner's Petition for Order Requiring Presence of Petitioner is denied. A federal court cannot grant a writ of habeas corpus unless it appears that the petitioner has exhausted all state remedies available to him at the time he files his application in federal court, Title 28 U.S.C.A. Section 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), or that there is an absence of available state corrective process or the existence of circumstances rendering such state process ineffective to protect the rights of the habeas corpus applicant. Title 28 U.S.C.A. Section 2254. Petitioner herein apparently concedes that he has not exhausted all available state remedies, but he claims that due to the shortness of petitioner's term and his financial inability to secure a bail bond, his state remedy is effectively voided. With these contentions, the Court cannot agree. There is no constitutional right to bail pending appeal. United States v. Motlow, 10 F.2d 657 (CCA 7, 1926). The petitioner herein has failed to even attempt an appeal in the state courts. As was stated in Jones v. Dowd, 128 F.2d 331 (CCA 7, 1942), "It is not to be supposed by us that the courts of Indiana will not proceed in an orderly manner and according to due process. Until it has been demonstrated to us upon the record that the courts

of Indiana have been appealed to and have denied the due process guaranteed under the Fourteenth Amendment to the Federal Constitution, we must decline to act. A decent regard for the dignity of State process dictates such a course." The shortness of petitoner's term is not such a "circumstance" as would render state process ineffective to protect the rights of the petitioner or permit him to by-pass orderly state procedures. This Court must dismiss the Petition for Writ of Habeas Corpus.