**UNITED STATES of America ex rel. Betty BURTON, Petitioner-Appellant,**

v.

**Joseph COUGHLIN, Assistant Director, Department of Corrections, Juvenile Division, Respondent-Appellee.**

**No. 71-1672.**

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1972.

Decided June 15, 1972.

Lewis A. Wenzell, John D. Shullenberger, Patrick T. Murphy, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Joel M. Flaum, Jayne A. Carr, Asst. Attys. Gen., Chicago, Ill., for respondent-appellee.

Before DUFFY and MURRAH,* Senior Circuit Judges, and JUERGENS,** District Judge.

JUERGENS, District Judge.

The issue presented is whether the concept of release upon recognizance or upon bond has any application to proceedings instituted pursuant to the Illinois Juvenile Court Act, Ill.Rev.Stat. 1969, Ch. 37, § 701-1 et seq.

Petitioner Betty Burton, an indigent minor, filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Illinois, Eastern Division, seeking release from the Illinois State Training School for Girls at Geneva to her guardian pending appeal on her delinquency adjudication. The petition was filed on June 8, 1971. On August 18, 1971, without a hearing, the trial court granted respondent's motion to dismiss, and on August 27, 1971, granted petitioner leave to proceed on appeal *in forma pauperis*.

On January 6, 1971, Betty Burton was found to be a minor in need of supervision by the Circuit Court of Cook County, Illinois, Juvenile Division. She was admitted to probation for six months and placed in a foster home. The Illinois Department of Children and Family

---

* Senior Circuit Judge Alfred P. Murrah of the Tenth Circuit is sitting by designation.

** Chief District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

Services was named her guardian on a previous petition which alleged neglect to which the petitioner's mother entered an admission. On February 16, 1971, a delinquency petition was filed in the Juvenile Court and later amended to charge petitioner with violating the terms of her probation by missing school and absenting herself from the home of her foster parents without their consent. On February 26, 1971, petitioner was adjudicated a delinquent, pursuant to the testimony of her foster mother and her caseworker, and was made a ward of the court. After dispositional hearings, petitioner was on March 1, 1971, committed to the Illinois Department of Corrections, Juvenile Division, Geneva State Training School for Girls, for an indefinite period not to exceed her 21st birthday, which would not occur until April 26, 1977. The court ordered the guardian to continue efforts to find placement other than the Department of Corrections. Petitioner's counsel requested release on recognizance to her guardian pending appeal of the delinquency adjudication, which was denied.

On March 26, 1971, petitioner filed notice of appeal from the order of the Juvenile Court finding her delinquent. Petitioner then asked leave to file a petition for writ of habeas corpus in the Illinois Supreme Court, requesting her release to the court-appointed guardian, which was denied. The petitioner's appeal from her delinquency adjudication is currently pending before the Illinois Supreme Court.

The background of this case reveals extensive hearings concerning the petitioner in Juvenile Court of Cook County. On April 7, 1970, petitioner entered an admission to a charge of delinquency based on the commission of the offense of burglary. She was returned to the custody of her mother under the supervision of a Juvenile Court probation officer. Soon thereafter petitioner ran away from home. On June 3, 1970, a petition, alleging the appellant to be a minor in need of supervision, was filed in the Juvenile Court. She was examined by the Clinical Services Department of the Juvenile Court on June 12, 1970. On June 24, 1970, petitioner's probation officer filed a neglect petition to which petitioner's mother entered an admission. She was detained in the Audy Home for Children for one week while the Department of Children and Family Services (the Department) located an appropriate foster home. She was then placed in a foster home on July 15, 1970. She ran away. A juvenile warrant was issued on July 21, 1970, and appellant surrendered on August 18, 1970. The Department reported they were unable to place the appellant, since placement in a foster home had proved unsuccessful and no boarding school placement was available. She was then remanded to the custody of the Department of Corrections and placed in the Geneva Training School for Girls. On November 11, 1970, a hearing was held in Juvenile Court to determine appellant's progress. The Department of Corrections stated that appellant was doing well at Geneva but would prefer to keep her a short while longer. The commitment was vacated by the court, and the court vacated the finding of delinquency and commitment and returned petitioner to her mother. Her mother requested a petition to be filed, alleging her to be a minor in need of supervision and requesting that she be placed outside the home. Appellant was adjudged to be a minor in need of supervision and placed in a foster home under supervision of the Department. She continued running away from her foster home and repeatedly violated her probation by leaving her foster home for protracted periods and truancy from school. She was then adjudged delinquent and remanded to the Department of Corrections. She is now in the Illinois Training School for Girls at Geneva, Illinois.

The Illinois Juvenile Court Act, Ch. 37, § 701–1 et seq., and specifically § 701–2 thereof, sets forth the purpose of the Act.

§ 701-2 Purpose of Policy.

(1) The purpose of this Act is to secure for each minor subject hereto such care and guidance, preferably in his own home, as will serve the moral, emotional, mental, and physical welfare of the minor and the best interests of the community; to preserve and strengthen the minor's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety or the protection of the public cannot be adequately safeguarded without removal; and, when the minor is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should be given by his parents, and in cases where it should and can properly be done to place the minor in a family home so that he may become a member of the family by legal adoption or otherwise.

(2) In all proceedings under this Act the court may direct the course thereof so as promptly to ascertain the jurisdictional facts and fully to gather information bearing upon the current condition and future welfare of persons subject to this Act. This Act shall be administered in a spirit of humane concern, not only for the rights of the parties, but also for the fears and the limits of understanding of all who appear before the court.

(3) This Act shall be liberally construed to carry out the foregoing purpose and policy.

The numerous appearances by petitioner before the Juvenile Court and the actions taken by that court clearly indicate that it complied with not only the purpose but also the spirit of the Act.

The many proceedings indicate that the court in administering the Act, as it is required to do, took every conceivable step to carry out the purpose of the Act and also to provide the ultimate benefit for the minor. As shown by the proceedings, the only care and custody which was beneficial to the minor was when she was placed in the Training School for Girls at Geneva. She is now in the same custody in Geneva under the finding of delinquency that she was in while she was under the guardianship of the Department.

■ Petitioner would have this court close its eyes to all of the prior actions taken by the Juvenile Court in attempting to provide proper care and supervision for the minor here involved and would ask this court to release petitioner on her own recognizance. If this were accomplished and she were returned to the custody of her guardian, the Department, in keeping with all the prior proceedings in the Juvenile Court, would apparently have no alternative but to return her again to the same institution at which she is now located.

■ As was stated in Fulwood v. Stone, 129 U.S.App.D.C. 314, 394 F.2d 939 (1967), it is unnecessary to reach the question whether there is a constitutional right to bail in juvenile proceedings, since we believe an adequate substitute for bail is provided by the Juvenile Court Act itself. While the Court in Fulwood was concerned with the application of the Juvenile Court of the District of Columbia, the Juvenile Court Act of the State of Illinois is equally applicable in this situation.

The decision of the District Court, dismissing the petition for writ of habeas corpus, is affirmed.

Affirmed.