IN THE MATTER OF ANTHONY EUGENE PISELLO, A MINOR
UNDER THE AGE OF EIGHTEEN YEARS.

[No. 3-273A14. Filed March 12, 1973.]

486

*Stephen A. Kray*, of LaPorte, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert A. Zaban*, Deputy Attorney General, for appellee.

PER CURIAM—This is an application for a stay of execution pending appeal of a judgment of the LaPorte Circuit Court adjudging Anthony Eugene Pisello (Pisello) to be a juvenile

delinquent and ordering him committed to the custody of the Board of Trustees of the Indiana Boys' School.

On January 30, 1973, Anthony Eugene Pisello, age 16 was declared to be a juvenile delinquent by the LaPorte Circuit Court and was committed to the Indiana Boys' School. This order followed a hearing on a petition alleging Pisello had committed first degree burglary and theft of U.S. mail, acts which if committed by an adult would be crimes not punishable by death or life imprisonment.

On February 2, 1973, Pisello petitioned the LaPorte Circuit Court for a stay of execution of its judgment and for his release on bail pending appeal of this judgment. The Court denied this petition on February 5, 1973, and on February 6, 1973, Pisello was transported to the Indiana Boys' School. This application for Supersedeas was filed on February 9, 1973.

The State contends this Court is without jurisdiction over the subject matter of this action because no Motion to Correct Errors has been filed in the trial court and no appeal to this court has been perfected.

Appellate Rule 6 (B) provides in part as follows: (Emphasis added)

> (B) BONDS IN APPEALS. No appeal bond shall be necessary to perfect an appeal from any judgment or appealable interlocutory order. Enforcement of a judgment or appealable interlocutory order, however, will be suspended during appeal upon the giving of an adequate bond with approved sureties. *The trial court or judge thereof shall have jurisdiction to fix and approve the bond and order a stay pending an appeal as well as prior to the appeal. If the stay is denied by the trial court or judge thereof, the appellate tribunal may reconsider the application at any time after denial upon a proper showing by certified copies of the trial court's action and grant or deny the same and fix the bond. . . .*

This rule recognizes that requiring a Motion to Correct Errors to be filed, and ruled upon, a praecipe filed, and record

of the proceedings filed with the appellate tribunal before any stay of execution of the judgment can be issued would entirely defeat the purpose of the emergency relief provided by rules AP. 6 and TR. 62.

AP. 6(B) clearly provides that a stay can be issued by the trial court prior to the perfection of the appeal, as well as while the perfected appeal is pending in the reviewing court. The rule also expressly provides that the appellate tribunal, to which the appeal will be taken, may reconsider the application for a stay at any time after the trial court's denial of the stay, and does not limit the jurisdiction of the appellate tribunal to stay to the period after an appeal has been perfected.

Here, after the judgment, but prior to the perfection of an appeal, Pisello petitioned the trial court for a stay of execution of the judgment. After the LaPorte Circuit Court denied the stay, Pisello properly applied to the court with jurisdiction over the planned appeal, the Indiana Court of Appeals, for reconsideration of this application. Therefore, pursuant to AP. 6(B), this court has jurisdiction to reconsider Pisello's application for a stay of execution of the judgment of the LaPorte Circuit Court.

The issue presented by the application is whether a minor, adjudged to be a delinquent in a juvenile proceeding, is entitled to a stay of execution of judgment and release on bond pending an appeal of the delinquency adjudication.

The right to appeal is a statutory, not a constitutional right, and the Indiana Legislature and the Indiana Supreme Court may establish rules and regulations which control the prosecution of appeals, so long as such rules and regulations do not deny to an accused rights which are constitutionally guaranteed. *Layton* v. *State* (1968), 251 Ind. 205, 240 N.E.2d 489; *Groover* v. *State* (1959), 239 Ind. 271, 156 N.E.2d 307; *Griffin* v. *Illinois* (1956), 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891.

Among the terms of the statutory right of defendants in criminal actions to appeal their convictions, the Indiana Legislature has authorized the admission of certain of these persons to bail after conviction. Ind. Ann. Stat. § 9-2312 (Burns 1956 Repl.) provides:

"Whenever any person is convicted in any circuit, superior or criminal court of the state of Indiana of any offense, and such person has appealed such cause or desires to appeal the same and has given notice thereof as required by law, such person shall be admitted to bail pending such appeal upon compliance with the provisions of this act: Provided, That this act shall not apply where the sentence is death or imprisonment for life: And, provided, further, That this act shall not apply to any judgment of commitment of any minor to any correctional institution of the state other than the Indiana Reformatory."

This statute does not extend this statutory right to bail pending an appeal to a person adjudged a delinquent in a Juvenile Court, since Juvenile Court is not among those enumerated in the statute and an adjudication of delinquency is not a conviction of an offense. *Adams* v. *State* (1963), 244 Ind. 460, 193 N.E.2d 362; *Bible* v. *State* (1970), 253 Ind. 373, 254 N.E.2d 319; Ind. Ann. Stat. § 9-3215 (Burns 1972 Supp.)

Pisello contends the right to bail pending appeal is an essential element of due process, which under *In Re Gault* (1967), 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 and later cases concerning juvenile rights, (*Bible, supra, Warner* v. *State* (1970), 254 Ind. 209, 258 N.E.2d 860; *In Re Winship* (1970), 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368; *McKeiver* v. *Pennsylvania* (1971), 403 U.S. 528, 91 S. Ct. 1976, 29 L. Ed. 2d 647) must be accorded a juvenile in delinquency proceedings, just as it is accorded an adult in a criminal prosecution.

However, these cases have all dealt with procedural rights that are constitutionally guaranteed, such as the right to coun-

sel, to notice of the charges, to confrontation and cross-examination of witnesses against him, to the privilege against self-incrimination (*Gault, supra*), to proof of charges beyond a reasonable doubt, *Winship supra, Warner, supra,* and to bail prior to trial (*Trimble* v. *Stone* (D. C. 1960), 187 F. Supp. 483). There is no constitutional right to bail pending appeal. *United States* v. *Motlow* (7th Cir. 1926), 10 F. 2d 657; *Iles* v. *Ellis* (S. D. Ind. 1967), 264 F. Supp. 185.

The statute creating the right to bail pending appeal, (Ind. Ann. Stat. § 9-2312) expressly excludes all person appealing an order or judgment of a juvenile court from its provisions. Only male persons between the ages of 16 years and 30 years who have been convicted of a felony, except treason or murder in the first or second degree, may be committed to the Indiana Reformatory. Ind. Ann. Stat. § 13-401 (Burns 1965).

A juvenile court does not have jurisdiction to convict a juvenile of committing a felony.

Since bail pending appeal is a right only if granted by the legislature, who may limit it, or impose such conditions as it sees fit, the denial of bail to a juvenile pending appeal is a denial of constitutional rights only if it is the result of an unreasonable classification constituting an invidious discrimination under the Fourteenth Amendment to the United States Constitution.

A statutory classification is invalid only if no justifiable or rational basis for treating the two groups differently exists with respect to the subject matter of the legislation. *Forks* v. *City of Warsaw* (1971), 257 Ind. 237, 273 N.E.2d 856; *Morey* v. *Doud* (1957), 354 U.S. 457, 77 S. Ct. 1344, 1 L. Ed. 2d 1485.

The subject matter of the legislation in question is liberty pending appeal of a criminal conviction.

The Supreme Court of the United States has said that a

child, unlike an adult, has a right, not to liberty, but to custody. *Gault, supra.* This rationale appears in Ind. Ann. Stat. § 9-3201 (Burns 1956 Repl.) which provides that:

> "Purpose and basic principle.—The purpose of this act (§§ 9-3201-9-3225) is to secure for each child within its provisions such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interests of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given by his parents.
>
> The principle is hereby recognized that children under the jurisdiction of the court are subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them."

In this case, the juvenile court found that the state had proved beyond a reasonable doubt that Pisello had committed criminal acts, and adjudged him to be delinquent.

Such a finding of delinquency indicates that the parents or custodians of the child have not been, or are incapable of, providing the necessary care and supervision of the child, and usually demonstrates the necessity for making a change in custody of the child in order to serve the best interests of the child and the state. *Trimble, supra.* In ordering Pisello committed to the custody of the Board of Trustees of the Indiana Boys' School, the juvenile court judge exercised his discretion in selecting, from the alternatives provided by Ind. Ann. Stat. § 9-3215 (Burns 1972 Supp.) the person, agency, or institution best suited to provide the necessary custodial supervision of the child.

Indiana statutes providing for release from custody or detention prior to the delinquency hearing, which provide a substitute for bail pending hearing, Ind. Ann. Stat. § 9-3209 and 3212 (Burns 1956 Repl.) provide for continuous custody of the child, either in his parents

or, upon a finding that the child's welfare requires other custody, in another person, agency, or institution. In the absence of a statute creating a right to a stay of execution of a judgment of a juvenile court, and providing for a determination of proper custody of the child pending an appeal, the juvenile has no right to a stay of execution of the judgment, and the determination of the juvenile court judge as to the custody of the child following the adjudication of delinquency must be followed.

Accordingly, Pisello's application for Supersedeas is now denied.