STATE OF INDIANA EX REL. ROGER DROLLINGER *v.* THOMAS K. MILLIGAN, JUDGE OF THE MONTGOMERY CIRCUIT COURT AND THE MONTGOMERY CIRCUIT COURT.

[No. 1-775A119. Filed August 20, 1975. Rehearing denied August 27, 1975. Transfer denied December 5, 1975.]

*Nile Stanton, Elberger & Stanton,* of Indianapolis, for appellant.

*Judge Thomas K. Milligan,* of Crawfordsville, *Conrad G. Harvey,* Montgomery County Prosecutor, of Crawfordsville, for appellee.

ROBERTSON, C.J.—Petitioner Drollinger seeks a writ of mandate requiring the respondent trial court to set bail pending an appellate review of revocation of his probation.

Drollinger, initially charged with statutory rape, entered a plea of guilty to assault and battery with intent to gratify sexual desires. He was accordingly sentenced to one to five years and placed on probation. Approximately eight months later Drollinger was convicted of the misdemeanor of unauthorized possession of a firearm and sentenced to six months. Upon proper notice the trial court set Drollinger's appeal bond at $10,000 on the latter offense.

Subsequently, the State filed a petition to revoke Drollinger's probation because of the misdemeanor conviction. The trial court revoked Drollinger's probation after a hearing on the State's petition.

Drollinger's counsel immediately gave oral notice (later reduced to writing and filed with the trial court) to the State and the trial court that the probation revocation would be appealed. He also moved for the setting of an appeal bond which the trial court refused to do.

Drollinger then filed with this court a verified petition for a writ of mandate to require the setting of bond pending appeal of the revocation of probation. We decline to issue the writ.

Drollinger incorrectly asserts a constitutional right to bail pending appeal. See *Scruggs* v. *State* (1974), 161 Ind. App. 672, 317 N.E.2d 800; *In re Pisello* (1973), 155 Ind. App. 484, 293 N.E.2d 228. Moreover, reliance upon IC 1971, 35-4-6-1 and 35-4-6-4 (Burns Code Ed.) is misplaced for those statutes deal with appeal bonds subsequent to a conviction, not revocation of probation.

We have not been directed to any authority, nor could we locate any on our own, which would compel the issuance of a writ of mandate to require the setting of bail from the appeal of a revocation of probation.

Accordingly, the petition for a writ of mandate is denied.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 332 N.E.2d 799.