ROGER ST. LOUIS, a Minor, by his Father and Next Friend, Anthony St. Louis, Petitioner-Appellee, *v.* EDWARD P. DROLET, State's Attorney, *et al.,* Respondents-Appellants.

Third District   No. 75-139

Opinion filed May 27, 1976.

28

Edward P. Drolet, State's Attorney, and William Taube, both of Kankakee, for appellants.

Mark Burkhalter and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The petitioner, Roger St. Louis, by his father, filed a petition in the Circuit Court of Kankakee County seeking to expunge certain records, namely, photographs, fingerprints and other records of identification made or taken from the minor petitioner by the City of Kankakee Police Department. The circuit court allowed the petition and ordered expungent of the records of the local police department and the Law Enforcement Department of the State of Illinois. From that order and the denial of the State's Attorney's motion to dismiss the State has appealed.

In September of 1974, Roger St. Louis was taken into custody and detained by the City of Kankakee Police Department. He was not charged with any crime and was subsequently released. While detained in police custody he was photographed and fingerprinted, and a record of his description was established. The State argues strenuously on appeal that the petition to expunge brought in the present case had its basis in section 5 of "An Act in relation to criminal identification and investigation" (Ill. Rev. Stat. 1973, ch. 38, par. 206—5). The State contends that said statute authorizing the court to expunge arrest records is not applicable to the record of the taking into custody of a minor. We agree that section 5 of the statute in question was designed and intended to afford a remedy for the practice of keeping files on persons who are arrested on charges of violating many penal statutes of this State upon their acquittal or being released without being convicted. These persons

may have their record expunged by making a proper application to the chief judge of the circuit court wherein the charges were brought. Although the use of the term "persons" in the statute does not specifically exclude juveniles, section 3—1 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 703—1(3)) provides that the taking of a minor into custody under the Juvenile Court Act is not an arrest and does not constitute a police record. It would then follow that the statute apparently relied upon in this action seeking expungement applies only to adults. To further support this conclusion the Juvenile Court Act (Ill. Rev. Stat. 1973), ch. 37, pars. 702—8, 702—10, 703—2,) provides that juvenile records as a whole be strictly confidential and unavailable for public inspection. Records of juveniles must be maintained separately from adult records and may not be open to public inspection except by court order.

The necessity for applying section 5 (Ill. Rev. Stat. 1973, ch. 38, par. 206—5) to juveniles is less than obvious, even though the reason to expunge the records of juveniles who are taken into custody and either acquitted or released without any formal charges or proceedings under the Juvenile Court Act is equal to the need for adults in the analogous situation.

We have been cited by the State to the recent case of *Ashenhurst v. Carey*, 351 F. Supp. 708, 712 n.2 (N.D. Ill. 1972), where the court said in a footnote to their opinion,

"2. Since the plaintiff is a minor, and the instant case concerns the expungement of a juvenile record, there is a threshold question of whether the challenged statute is applicable to juvenile records. Given the statutory prohibition against the dissemination and publication of juvenile records, *even to other law enforcement agencies*, and the legislative intent that they be strictly confidential, it is doubtful whether the harm which precipitated the need for the expungement as provided by §206—5 of Chapter 38 is applicable to the highly protected records of a juvenile defendant. As Chapter 37 §702—8 provides, in relevant part:

(2) No law enforcement officer or other person or agency may knowingly transmit to the Department of Law Enforcement or to the Federal Bureau of Investigation any fingerprint or photograph relating to a boy or girl who has been arrested or taken into custody before his 17th birthday or her 18th birthday, unless the court in proceedings under this Act authorizes the transmission or enters an order under Section 2—7 [Chapter 37, §702—7] permitting the institution of criminal proceedings.

(3) The records of law enforcement officers concerning all boys under 17 and all girls under 18 must be maintained separate from

the records of arrests and may not be open to public inspection or their contents disclosed to the public except by order of the court or when the institution of criminal proceedings has been permitted under Section 2—7 or such a person has been convicted of a crime and is the subject of a pre-sentence investigation or proceedings on an application for probation." (Emphasis added.)

The language of *Ashenhurst* would suggest that because of the confidentiality of juvenile records and the statutory prohibition against the dissemination and publication of such records there is no need for expungement. We disagree.

■■ Section 5 (Ill. Rev. Stat. 1973, ch. 38, par. 206—5) provides in addition to expunging records that "[a]ll policing bodies of this State shall furnish to the Department [of Law Enforcement], daily, in the form and detail the Department requires, copies of fingerprints and descriptions, of *all persons* who are arrested on charges of violating any penal statute of this state." (Emphasis added.) Although the language used refers to "an arrest," which is an impossibility under the Juvenile Court Act, there is no practical difference between taking a juvenile into custody and detaining him (or arresting him) and the arrest of an adult for purposes of protecting an individual's right to privacy. Faced with the statutory mandate to daily transmit records of persons arrested the Kankakee Police Department must comply and forward all appropriate records, including, we submit, those of juveniles, to the Department of Law Enforcement. In so doing the police department is violating one of the fundamental and highly beneficial intentions of our entire juvenile justice system, that of confidentiality of all juvenile records.

Acting under authority of statute a Commission on Delinquency Prevention has been established with considerable amounts of money appropriated annually to store and disseminate statewide juvenile records contrary to common belief. (See Ill. Rev. Stat. 1975, ch. 23, pars. 2703, 2705.9 and 2709.) Through this agency, acting in conjunction with the Department of Law Enforcement, juvenile records of individuals such as Roger St. Louis are currently available statewide to designated officials in any community regardless of size or population. Section 5.9 of the Illinois Commission on Delinquency Prevention Act reads as follows:

"To develop a statewide central records system for juveniles and make information available to local registered participating police youth officers so that police youth officers will be able to obtain rapid access to the juvenile's background from other jurisdictions to the end that the police youth officers can make appropriate dispositions which will best serve the interest of the child and the community.

"To develop safeguards to guarantee the confidentiality of such records *except* when used for the following purposes:

1. for a dispositional hearing under the Juvenile Court Act; or
2. *inquiries* from registered police youth officers.

For the purposes of this act 'police youth officer' means a member of a duly organized State, county or municipal police force who is assigned by his Superintendent, Sheriff or chief of police, as the case may be, to specialize in youth problems." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 23, par. 2705.9.

Obviously such storage and availability of juvenile records is utilized by various State and local officials. Consistent with the benevolent purposes of the Juvenile Court Act and the *parens patriae* position of the State of Illinois some form of official juvenile record is needed to aid in rehabilitating delinquents. A system of control and continuity of official action taken by juvenile courts and dispositions that occur is essential. However, the practical necessity of maintaining a file and record of each stop, detention or questioning of juveniles is neither useful nor necessary to carry out the directives of our Juvenile Court Act, nor does it recognize some semblance of a right of privacy in juveniles. When charges are not filed or the case is dismissed and the juvenile released without a criminal charge, or a determination of delinquency, neglect, dependency or that the minor is otherwise in need of supervision, a juvenile should have the same right to have any blemish on his record erased as does an adult. The constitutional right to privacy should know no age.

We believe the language used by the Supreme Court in *In re Gault*, 387 U.S. 1, 24-25, 18 L. Ed. 2d 527, 544, 87 S. Ct. 1428, 1442 (1967), is appropriate to this cause:

"[I]t is frequently said that juveniles are protected by the process from disclosure of their deviational behavior. As the Supreme Court of Arizona phrased it in the present case, the summary procedures of Juvenile Courts are sometimes defended by a statement that it is the law's policy 'to hide youthful errors from the full gaze of the public and bury them in the graveyard of the forgotten past.' This claim of secrecy, however, is more rhetoric than reality. Disclosure of court records is discretionary with the judge in most jurisdictions. Statutory restrictions almost invariably apply only to the court records, and even as to those the evidence is that many courts routinely furnish information to the FBI and the military, and on request to government agencies and even to private employers. Of more importance are police records. In most States the police keep a complete file of juvenile *'police contacts'* and have complete discretion as to disclosure of juvenile

records. Police departments receive requests for information from the FBI and other law-enforcement agencies, the Armed Forces, and social service agencies, and most of them generally comply. Private employers word their application forms to produce information concerning juvenile arrests and court proceedings, and in some jurisdictions information concerning juvenile *police contacts* is furnished private employers as well as government agencies." (Emphasis added.)

■■ The confidentiality required by our Juvenile Court Act is not consistent with the current record-keeping devices in use to preserve and disseminate all "police contacts" with juveniles. The 1970 Constitution of the State of Illinois in article I, section 6, provides in very broad language that the people have the right to be secure in their persons against unreasonable invasions of privacy. Further the 1970 Constitution in article I, section 12, provides: "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely and promptly." In accord with this constitutional directive the Circuit Court of Kankakee County acted within its inherent power to grant a remedy to the invasion of privacy of the juvenile involved herein. The record of Roger St. Louis was properly ordered expunged. For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.