(No. 48676.-)

*In re* ROGER ST. LOUIS, a Minor, Appellee.—(Edward
P. Drolet, State's Attorney, *et al.*, Appellants.)

*Opinion filed June 1, 1977.*

William J. Scott, Attorney General, of Springfield, and Edward P. Drolet and L. Patrick Power, State's Attorneys, of Kankakee (James B. Zagel, Jayne A. Carr and Raymond McKoski, Assistant Attorneys General, of Chicago, and James E. Hinterlong, of the Illinois State's Attorneys Association Appellate Assistance Service, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Mark W. Burkhalter, Assistant Defender, Office of State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This case concerns the power of a circuit court to order the expungement of identification records of a minor which were taken by the Kankakee Police Department. Briefly stated, the facts are as follows.

In September 1974, the minor, Roger St. Louis, was taken into custody and detained by the Kankakee city

police. While detained, an identification record of the minor, including photographs and fingerprints, was made. The minor was subsequently released without any charges being brought. In January of 1975 a petition to expunge these records was filed on behalf of the minor by his father. Following a hearing, the circuit court of Kankakee County allowed the petition and ordered expungement. The order was directed to the police department of the city of Kankakee and to the Illinois Law Enforcement Department. The State's Attorney appealed the judgment to the Appellate Court for the Third District, which affirmed the circuit court's ruling. (39 Ill. App. 3d 27.) We granted leave to appeal (58 Ill. 2d R. 315(a)), and now affirm the judgments of the lower courts.

Initially, we note that there is some confusion as to the basis upon which the circuit court entered its order of expungement. Counsel for the minor made it clear that the petition was being brought under the adult expungement statute (Ill. Rev. Stat. 1973, ch. 38, par. 206—5). The circuit court's order did not, however, purport to be entered pursuant to that statute, and the appellate court concluded that the circuit court acted "within its inherent power to grant a remedy to the invasion of privacy of the juvenile involved herein" (39 Ill. App. 3d 27, 32). Our review of the record and the transcript of the hearing also leads us to conclude that the circuit court entered the expungement ordered pursuant to its perceived equitable powers.

The issue, therefore, is whether the circuit court had the equitable authority to order the expungement of the minor's arrest and identification record. The minor contends that the circuit court properly ordered expungement under its equitable authority in order to redress an unwarranted invasion of the minor's right to privacy (Ill. Const. 1970, art. I, sec. 6). The State contends that, absent statutory authority, a court may not order

expungement, and that, even if the court had equitable authority to order expungement, there were no circumstances in the present case which justified an exercise of the court's equitable powers.

It is clear that if the petitioner in this case were an adult he would be statutorily entitled to expungement of the records in question. (Ill. Rev. Stat. 1973, ch. 38, par. 206—5; Ill. Rev. Stat. 1973, ch. 127, par. 55a(6).) Section 5 of "An Act in relation to criminal identification and investigation" (Ill. Rev. Stat. 1973, ch. 38, par. 206—5) provides that all photographs, fingerprints and other records of identification shall be returned to a person who is acquitted of a charged crime or who is released without being convicted. The section further provides that if such a person has never been previously convicted his arrest record may be expunged from the official records upon the presentation of a verified petition to the circuit court. Here, Roger St. Louis concedes that section 5 is inapplicable to minors and that the taking of a minor into temporary custody under section 3—1(3) of the Juvenile Court Act does not constitute an arrest (Ill. Rev. Stat. 1973, ch. 37, par. 703—1(3)). Thus, the practical effect of the circuit court's order in this case was to expunge the minor's identification record from the police files. In the case of an adult, this is required by the above statute. We do not consider that the circuit court exceeded its authority by providing a minor, who had been photographed, fingerprinted and released without being charged, the same relief which an adult in the same situation receives.

The State contends that there is no need for the remedy granted in the instant case due to the fact that juvenile records are statutorily required to be kept confidential. Section 2—8(2) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—8(2)) prohibits the transmission of a minor's fingerprints or photographs to the adult division

of the Department of Corrections or to the Department of Law Enforcement or to the Federal Bureau of Investigation absent a court order. Subsection (3) of section 2—8 further provides that juvenile records must be maintained apart from adult arrest records and must not be open to public inspection. Ill. Rev. Stat. 1975, ch. 37, par. 702—8(3).

The above provisions do not, however, serve as a guarantee that a minor's identification records will not be disseminated. By way of example, section 5.9 of the Illinois Commission on Delinquency Prevention Act (Ill. Rev. Stat. 1975, ch. 23, par. 2705.9) provides for the creation of a "statewide central records system for juveniles." The Act also provides that the information obtained may be made available to certain government officials throughout the State. Also, there is always a possibility that the confidentiality provisions of the Juvenile Court Act will either be circumvented or abused. (See, *e.g., In re Gault* (1967), 387 U.S. 1, 24-25, 18 L. Ed. 2d 527, 544, 87 S. Ct. 1428, 1442.) We, therefore, reject the State's contention that there is no need for the expungement of juvenile records in the present situation.

The State also argues that it was the intent of the legislature to allow law enforcement officials to retain juvenile identification records regardless of whether charges are eventually brought. We disagree. The fact that the Juvenile Court Act is silent as to the expungement of juvenile records does not necessarily imply that such records could be made and retained where their retention would serve no discernible purpose. Indeed, the order of the circuit court is far more consistent with the specific goal of the Juvenile Court Act to protect minors from the disclosure of potentially harmful information.

We hold, therefore, that the circuit court possessed the inherent equitable authority to order the expungement of the minor's records, and that such authority was properly

48

exercised in the instant case.

Therefore, the judgment of the appellate court is affirmed.

*Judgment affirmed.*