In re ERNESTO PULIDO, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. ERNESTO PULIDO, Respondent-Appellant.)

First District (1st Division)    No. 77-1592

Opinion filed November 21, 1977.

Sam Adam, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James V. Marcanti, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

The minor-respondent, Ernesto Pulido, was charged in a petition for adjudication of wardship with the offense of murder (Ill. Rev. Stat. 1975, ch. 38, par. 9—1(a)(2)). Respondent was adjudged delinquent based on this offense in the circuit court of Cook County, Juvenile Division, and on October 6, 1977, was committed to the custody of the Department of Corrections. Respondent has filed a notice of appeal and a motion in this court seeking bail pending disposition of his appeal. The question presented at this time is whether consideration of release on bond pending appeal is applicable to a juvenile under such circumstances.

■■ A juvenile has no constitutional right to release on bond pending his appeal from a determination of delinquency. However, a minor may seek release depending on the respective statutory provisions. See Annot., 53 A.L.R. 3d 848 (1973); In re Pisello (1973), 155 Ind. App. 484, 293 N.E.2d 228.

In the present case, the record shows that the circuit court rejected respondent's request for release on bail pending appeal because the court believed it was without authority to consider the matter. Such position is supported by case decision interpreting Illinois law. (United States ex rel. Burton v. Coughlin (7th Cir. 1972), 463 F.2d 530; see In re Beasley (1976), 35 Ill. App. 3d 816, 820, 342 N.E.2d 803.) There is no provision in the Juvenile Court Act which affords a minor the possibility of release on bond pending appeal, and section 5—10(2) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—10(2)) provides that "When the court commits a minor to the Department of Corrections, it shall order him conveyed forthwith to the appropriate reception station or other

place designated by the Department of Corrections* * *." This provision clearly suggests that the delinquent minor not be released on bond.[1]

However, Supreme Court Rule 660(a), effective October 1, 1975, provides:

> "Appeals from final judgments in delinquent minor proceedings, *except as otherwise specifically provided,* shall be governed by the rules applicable to criminal cases." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 110A, par. 660(a).

Supreme court Rule 609 in pertinent part, which applies to the appeal of criminal cases, provides:

> "(b) * * * [T]he defendant may be admitted to bail and the sentence or condition of imprisonment or periodic imprisonment stayed, with or without bond, by a judge of the trial or reviewing court.
>     * * *
>
> (c) On appeals in other cases the judgment or order may be stayed by a judge of the trial or reviewing court, with or without bond.* * *" Ill. Rev. Stat. 1975, ch. 110A, par. 609(b)(c).

Respondent urges that when Supreme Court Rules 660 and 609 are interpreted in conjunction they permit consideration of release on bond pending appeal of the finding of delinquency and his commitment pursuant thereto. If respondent's position is correct concerning Rules 660 and 609, these rules would supersede a contrary provision of the Juvenile Court Act. *People v. Taylor* (1972), 50 Ill. 2d 136, 277 N.E.2d 878; *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495.

Respondent cites *In re St. Louis* (1977), 67 Ill. 2d 43, 364 N.E.2d 61, in support of his position. There the supreme court held that a minor's identification records could be expunged if no further proceedings occurred, even though no specific provision of the Juvenile Court Act authorized expungement. While that decision equated a juvenile's right to expungement with an adult's statutory right under resembling circumstances, we find the *St. Louis* decision is distinguishable because in the present case section 5—10(2) of the Juvenile Court Act proscribes the application of bond to a minor who is found delinquent.

■■ There remains the question of the pertinence of Supreme Court Rule 660. While that rule generally applies criminal appeals rules to delinquency matters, it excepts criminal appellate procedures if another procedure is "otherwise specifically provided." This language is

---

[1] Section 5—8—5 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—5) concerns commitment of adult offenders to the custody of the sheriff or Department of Corrections after judgment is entered. The language of section 5—8—5 is not as unqualified as section 5—10(2) of the Juvenile Court Act concerning when custody shall be attained.

expansive and is not limited solely in reference to other Supreme Court Rules. Rather, we conclude that if statutes specifically adopt a differing procedure, then the criminal appellate rules are not to be applied. Accordingly, Supreme Court Rule 609(b) does not supersede section 5—10(2) of the Juvenile Court Act.

Respondent's motion to set bond pending appeal is denied.

Motion denied.

GOLDBERG, P. J., and McGLOON, J., concur.