In the Matter of Harry ORT, Appellant (Defendant Juvenile Below).

No. 3-380A76.

Court of Appeals of Indiana, Third District.

July 23, 1980.

Solomon L. Lowenstein, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

This appeal arises from a finding of delinquency against the juvenile defendant, Harry Ort, in the Allen Superior Court, Family Relations Division. After the close of the evidence, the court found Ort had committed acts, which, if committed by an adult, would be the crimes of resisting law enforcement and fleeing a police officer.

■ On appeal, defendant argues that the court erred in vacating its own order allowing an appeal bond for Ort. On September 28, 1979 at the disposition hearing, the court set an appeal bond of $1,000 and the defendant was subsequently released on bail. On December 14, 1979, at the hearing on the motion to correct errors, the court revoked Ort's release pending appeal in the following language:

"Mr. Webster, the State has directed to my attention the holding of a case entitled in the matter of Anthony Eugene Purcello [sic], which is found at 293 North Eastern Second 228, the holding of that case is that there is no constitutional right or statutory right applicable to a Juvenile to be free on an appeal, free on bond pending an appeal on the finding of delinquency. The Court must conclude that it committed error in permitting Mr. Ort to be free, setting a bond and permitting Mr. Ort to place his appeal bond to secure his release pending appeal. I will correct that error by vacating so much of my entry of September 28, 1979, which reports to establish an appeal bond by cancelling the Court's approval of any bond. The child is now remanded in the custody of the Department of Corrections."

A dilemma is created in this case because, on September 28, 1979, *In re Pisello* (1973), 155 Ind.App. 484, 293 N.E.2d 228, which the court referred to, was a correct statement of the applicable law. However, by December 14, the law had changed and *Pisello* must now be re-examined in the context of

the new law. The holding in *Pisello* was based on IC 1971, 35–4–6–1 (Burns Code Ed.) which reads:

"Whenever any person is convicted in any circuit, superior or criminal court of the state of Indiana of any offense, and such person has appealed such cause or desires to appeal the same and has given notice thereof as required by law, such person shall be admitted to bail pending such appeal upon compliance with the provisions of this act: Provided, That this act shall not apply where the sentence is death or imprisonment for life: And, provided, further, That this act shall not apply to any judgment of commitment of any minor to any correctional institution of the state other than the Indiana Reformatory."

The decision in *Pisello* stated that the right to appeal is a statutory, not a constitutional right. Because the juvenile court is not enumerated in the above-cited statute and because an adjudication of delinquency is not a criminal conviction, the *Pisello* court determined that the statutory right to bail pending an appeal does not extend to a person adjudged a delinquent in a juvenile court.

This old law was repealed by the Acts of 1979, P.L. 292, § 3 and replaced by IC 1971, 35–4–6–1.5 (1979 Burns Supp.). The new statute became applicable to juvenile proceedings as of October 1, 1979 through IC 1971, 31–6–7–1(a) (1979 Burns Supp.) which requires delinquency proceedings to be governed by criminal trial procedures. The new statute reads:

"A person convicted of an offense who has appealed or desires to appeal the conviction may file a petition to be admitted to bail pending appeal under this chapter. The person may be admitted to bail pending appeal at the discretion of the court in which the case was tried, but he may not be admitted to it if he has been convicted of a class A felony or a felony for which the court may not suspend the sentence under IC 35–50–2–2."

Although the law has changed, the statutory rights of juveniles, as explained in

*Pisello*, remain unaltered. The new law clearly applies to persons "convicted of an offense" and does not extend to delinquency proceedings in juvenile courts. Therefore, the logic and reasoning of the *Pisello* decision is still valid and a juvenile adjudged a delinquent does not have a statutory or a constitutional right to bail pending an appeal.

■ The appellant next challenges the decision of the trial court in committing him to the Indiana Boys' School. Under *Atkins et al. v. State* (1972), 259 Ind. 596, 290 N.E.2d 441, commitment to the Boys' School should be resorted to only if less severe dispositions are inadequate. However, there are times when such commitment is in the best interest of the juvenile and society in general. *In Matter of Jennings* (1978), Ind.App., 375 N.E.2d 258. Ort contends that the report of the Probation Department recommended a suspended sentence to the Boys' School with probation. Although recognizing the discretion of the trial court in this matter, Ort maintains the court should have selected the least restrictive alternative and followed the recommendation of the Probation Department. To his detriment, Ort has not properly preserved this argument by his failure to include a copy of the Probation Department report in the record. In making this ruling, the court explained its reasons.

"Well, it's very hard for me to determine whether Harry's conduct on this occasion was an exercise of poor judgment, the kind of poor judgment that one would expect of a teenager or whether it's just another reflection of a bad social attitude and a general unwillingness to comply with the standards of conduct which the law imposes. But I'm probably influenced most highly in my interpretation of what it is, by the fact that Harry keeps coming in, coming in and coming in. You might say he's a kind of regular here. And the recommendation of the probation department to the contrary, I can't escape the feeling that it's consequence time for Harry. So far, you have escaped consequences of what's been a rather sub-

stantially protracted period of criminal misconduct, some of it minor, some of it not minor. And I think we've come to the stage, Harry, where it's time to stop letting you avoid consequences and start making you pay the prices. I will commit you to the Indiana Boy's [sic] School." The trial court properly exercised its discretion and no error exists.

In his final assignment of error, Ort submits that the evidence is insufficient to support a finding of delinquency on the charge of resisting law enforcement. Juveniles are constitutionally entitled to the standard of "proof beyond a reasonable doubt" when charged with an act which would constitute a crime if committed by an adult. *In Matter of Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. The oft-cited standard of review does not permit this Court to reweigh the evidence or determine the credibility of witnesses. *Carter v. State* (1976), 265 Ind. 535, 356 N.E.2d 220.

The evidence on this charge is not without conflict. Five police officers testified that Ort was kicking, struggling and screaming obscenities while they were apprehending and handcuffing him. In addition, one officer testified that Ort kicked him in the groin area.

In opposition to this evidence, the defendant presented the testimony of four individuals who witnessed the incident. In general, these witnesses stated that Ort was merely attempting to protect himself from unnecessary police force but was not trying to resist the enforcement of the law. On this basis, defendant now asserts that the entire evidence relating to the charge was not free from uncertainty such that the finding of delinquency should be sustained. The appellant incorrectly perceives the role of this Court. The presence of conflicting evidence does not tempt this Court to become a trier of fact. The judgment of the trial court will not be overturned if there is substantial evidence of probative value from which the court could reasonably infer the defendant was guilty beyond a reasonable doubt. *Lindsey v. State* (1976), 264 Ind. 198, 341 N.E.2d 505. In the present case,

the testimony of five police officers clearly fulfills the test of sufficient evidence.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.